IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAMMY KIDWELL, on behalf of herself and all others similarly situated,** § § § **Plaintiff,** § § **v.** § § **RUBY IV, LLC,** § § **Defendant.** § § | Civil Action No. _____ Jury Trial Demanded |

## PLAINTIFFS' ORIGINAL COMPLAINT – COLLECTIVE ACTION

Plaintiff Tammy Kidwell, on behalf of herself and all others similarly situated, brings this action against Defendant Ruby IV, LLC ("Defendant" or "Ruby IV"), and respectfully alleges as follows:

### INTRODUCTION

1. Plaintiff Timmy Kidwell ("Ms. Kidwell" or "Plaintiff") brings this lawsuit pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Louisiana Wage Payment Act, La. R.S. § 23:631, *et seq.* ("the Wage Payment Act"), for, *inter alia*, unpaid minimum wage and overtime wages, liquidated damages, penalty wages, and attorney's fees and costs.

### THE PARTIES

2. Ms. Kidwell is an individual residing in Jefferson Parish, Louisiana. Ms. Kidwell has been employed with Defendant as a restaurant manager, hostess, a cook, and a waitress. Plaintiff's consent to join is attached hereto as "Exhibit A."

3. Defendant Ruby IV, LLC is a limited liability company organized under the laws of the State of Louisiana and may be served through its registered agent for service of process: **Nadia Esmail, 3733 Lake Michel Court, Gretna, Louisiana, 70056.** Defendant is an "employer" within the meaning of the FLSA and the Wage Payment Act.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. Further, this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

5. Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendant is subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

6. At all times material hereto, Defendant was an "enterprise engaged in commerce" within the meaning of the FLSA and, upon information and belief, had more than $500,000 in annual gross revenues. Defendant owns and operates an International House of Pancakes ("IHOP") restaurant.

7. Furthermore, Plaintiff was engaged in commerce within the meaning of the FLSA, and therefore subject to the individual coverage of the FLSA.

8. As noted above, Plaintiff has been employed with Defendant as a restaurant manager, hostess, a cook, and a waitress.

9. While working as a restaurant manager, Plaintiff did not receive a guaranteed salary of at least $455/week. Rather, while Plaintiff was working as a restaurant manager, Defendant only paid Plaintiff an hourly rate of $12.00/hour and often did not pay her 1 ½ times

her regular rate of pay for hours worked over forty in a workweek as required by the FLSA. Copies of Plaintiff's paystubs showing some examples of where she was not paid 1 ½ times her regular rate of pay for hours worked over forty in a workweek are attached hereto as "Exhibit B."

10. While working as a restaurant manager, Plaintiff did not qualify for any of the exemptions to the FLSA's minimum wage and overtime requirements because, *inter alia*, she did not earn a guaranteed salary of at least $455 per week.

11. Plaintiff regularly worked more than forty (40) hours in a workweek for Defendant, but was not paid overtime wages for all of the time worked. While working as a restaurant manager, Plaintiff often worked 50-60 hours per week without receiving overtime pay.

12. Furthermore, Defendant did not keep track of Plaintiff's hours worked while she was employed as a restaurant manager in violation of the FLSA and therefore she was not even paid her $12.00 straight-time rate of pay for many hours that she was required to work "off the clock."

13. Defendant has violated Plaintiff's rights under the FLSA while she was employed as a restaurant manager, a cook, and hostess by, *inter alia*, failing to pay overtime compensation for hours worked over forty (40).

14. In addition, Defendant has violated the Louisiana Wage Payment Act by failing to pay Ms. Kidwell her $12.00 straight-time rate of pay for many hours that she was required to work "off the clock" while she was employed as a restaurant manager.

15. Plaintiff has made demand to Defendant for the compensation owed to her, but Defendant still has refused to pay the wages owed to Plaintiff.

16. Defendant's denial of straight-time pay and overtime compensation to Plaintiff while she was employed as a restaurant manager is, and has been, willful and deliberate.

17.     As noted above, Plaintiff also has worked as a waitress for Defendant. While Plaintiff was working as a waitress, at various times Defendant would inflate the amount of tips that Plaintiff received so that it would appear that she was earning the federal minimum wage of $7.25/hour for hours under $40 and the minimum overtime rate of $10.88 for hours worked over forty. Moreover, Plaintiff did not always earn $7.25/hour for hours under 40 in a workweek and the minimum overtime rate of $10.88 for hours worked over forty, even with the tips she received. Furthermore, there were other servers who did not always earn $7.25/hour for hours under 40 in a workweek and the minimum overtime rate of $10.88 for hours worked over forty, even with the tips they received.

## **FIRST CAUSE OF ACTION**
(Violations of the FLSA – Individual Claims for Plaintiff)

18.     Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

19.     The FLSA requires employers to pay all non-exempt employees: (i) at least the federal minimum wage of $7.25 per hour for all hours worked, and (ii) overtime compensation for all hours worked over forty (40).

20.     Defendant has violated the requirements of the FLSA by misclassifying Plaintiff as an exempt employee while she was a restaurant manager, a cook, and hostess because, *inter alia*, it did not pay her a guaranteed salary of at least $455 per week and she did not perform exempt job duties within the meaning of the FLSA.

21.     Defendant has deprived Plaintiff of lawful compensation by *inter alia,* failing to pay overtime compensation for hours worked over forty (40).

22.     Defendant's conduct, as alleged, constitutes a willful violation of the FLSA.

4

23.     As a result of Defendant's unlawful conduct, Plaintiff is entitled to damages equal to the amount of all uncompensated time, including minimum wage and overtime pay, and an award of liquidated damages in an amount equal to the amount of unpaid compensation owed under the FLSA.

24.     Plaintiff also seeks reasonable attorney's fees and costs, as provided by the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

25.     Plaintiff brings her claims under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of herself and other servers who were not paid $7.25/hour for hours under $40 and the minimum overtime rate of $10.88 for hours worked over forty ("the FLSA Collective").

26.     Plaintiffs and the FLSA Collective are similarly situated in that they have substantially similar job requirements and pay provisions, and are subject to Defendant's common practice and policy of unlawfully failing to pay $7.25/hour for hours under $40 and the minimum overtime rate of $10.88 for hours worked over forty ("the FLSA Collective").

27.     Defendant has operated under a scheme to deprive Plaintiffs and the FLSA Collective of their requisite compensation by failing to compensate them in accordance with the FLSA as described above.

28.     Defendant is liable under the FLSA for, *inter alia*, not paying Plaintiffs and the FLSA Collective in accordance with the FLSA as described above.  There are other similarly-situated individuals who would benefit from the issuance of Court-supervised notice and the opportunity to join this lawsuit. These similarly-situated individuals are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## SECOND CAUSE OF ACTION
(Failure to Pay Minimum Wage and Overtime – FLSA Collective Action Claims)

29. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

30. The FLSA requires employers to pay all servers/waitresses at least 7.25/hour for hours under 40 in a workweek and the minimum overtime rate of $10.88 for hours worked over forty, inclusive of tips, assuming that the employer has properly informed its employees that it intends to take a "tip credit" for tips received.

31. As alleged herein, Defendant has violated the requirements of the FLSA by engaging in practices, and implementing policies, that have deprived Plaintiffs and the FLSA Collective of lawful compensation. Defendant has operated under a scheme to deprive these employees of the requisite compensation by failing to compensate Plaintiffs and the FLSA Collective for all hours actually worked.

32. Defendant's conduct, as alleged, constitutes a willful violation of the FLSA.

33. As a result of Defendant's unlawful conduct, Plaintiffs and the FLSA Collective are entitled to damages equal to the amount of all uncompensated work time, whether hours worked under forty (40) in a workweek or over forty (40) hours in a workweek, within the three years preceding the filing of the Complaint and an award of liquidated damages in an amount equal to the amount of unpaid compensation owed under the FLSA.

## THIRD CAUSE OF ACTION
(Violations of the Wage Payment Act - Individual Claims for Plaintiff)

34. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

35. Despite demand from Plaintiff, Defendant has failed to pay her the wages due under the terms of her employment and after her termination within the time period prescribed by the Wage Payment Act.

36. Accordingly, Plaintiff is not only entitled to recover her unpaid wages, but also penalty wages, attorney's fees, costs, and judicial interest.

## DEMAND FOR JURY

37. Plaintiff and the FLSA Collective hereby demand a trial by jury for all issues in this case.

## PRAYER FOR RELIEF

WHEREFORE, having set forth her Complaint, Plaintiff respectfully requests that this Court order the following relief.  As to Plaintiff Kidwell, the Court should:

(a) Enter a declaratory judgment that the practices complained of herein are unlawful under the FLSA and that Defendant willfully violated the rights of Plaintiff under the FLSA;

(b) Award Plaintiff unpaid back wages and liquidated damages equal in amount to the unpaid compensation found due to her under the FLSA;

(c) Award attorney's fees, pre-judgment and post-judgment interest, and costs (including expert witness expenses), all as provided by law;

(d) Award Plaintiff unpaid wages, penalty wages, attorney's fees, costs, and judicial interest as provided by the Wage Payment Act; and

(e) Award any other legal and equitable relief that this Court deems just and proper.

As to Plaintiff Kidwell and the FLSA Collective, the Court should

(f) Enter a declaratory judgment that the practices complained of herein are unlawful under the FLSA and that Defendant willfully violated the rights of Plaintiffs and the FLSA Collective under the FLSA;

(g) Award Plaintiffs and FLSA Collective unpaid back wages and liquidated damages equal in amount to the unpaid compensation found due to them under the FLSA;

(h) Award attorney's fees, pre-judgment and post-judgment interest, and costs (including expert witness expenses), all as provided by law; and

(i) Award any other legal and equitable relief that this Court deems just and proper.

Dated:  February 26, 2018                    Respectfully Submitted:

**WILLIAMS LITIGATION, L.L.C.**

By:  s/Christopher L. Williams
Christopher L. Williams (T.A.)
La. Bar Roll No. 32269
639 Loyola Ave., Suite 1850
New Orleans, LA 70113
Telephone: 504.308.1438
Fax: 504.308.1446
chris@williamslitigation.com


Charles J. Stiegler, #33456
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite 104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com

*Attorneys for Plaintiff and the FLSA Collective*