IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAMMY KIDWELL, on behalf of herself and all others similarly situated,** § § § **Plaintiff,** § v. § § **RUBY IV, LLC, RUBY ENTERPRISES, LLC,** § **RUBA DEVELOPMENT MANAGER, LLC,** § **RUBY MANAGEMENT, INC., RUBA, LLC,** § **RUBA II, LLC, RUBA, III, LLC, RUBY V,** § **LLC, RUBY VII, LLC, RUBY I.X., LLC, RUBY X, LLC, RUBY XI, LLC, RUBY XII, LLC, RUBY XIV, LLC, RUBY VI, LLC, RUBY, VIII, LLC, NADIA ESMAIL, individually, and MOHAMMAD ESMAIL, individually** | Civil Action No. 18-cv-2052 <br><br> Jury Trial Demanded <br><br> Judge Ashe <br><br> Magistrate Judge North |
| **Defendants.** | |

### PLAINTIFF'S SECOND AMENDED COMPLAINT – COLLECTIVE ACTION

Plaintiff Tammy Kidwell, on behalf of herself and all others similarly situated, brings this action against Defendants Ruby IV, LLC, Ruby Enterprises, LLC; Ruba Development Manager, LLC; Ruby Management, Inc.; Ruba, LLC; Ruba II, LLC; Ruba III, LLC; Ruby V, LLC; Ruby VII, LLC; Ruby I.X., LLC; Ruby X, LLC; Ruby XI, LLC; Ruby XII, LLC; Ruby XIV, LLC; Ruby VI, LLC, Ruby VIII, LLC, Nadia Esmail, individually; and Mohammad Esmail, individually (sometimes collectively referred to as "Defendants"); and respectfully alleges as follows:

### INTRODUCTION

1. Plaintiff Tammy Kidwell ("Ms. Kidwell" or "Plaintiff") brings this lawsuit pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Louisiana Wage Payment Act, La. R.S. § 23:631, *et seq.* ("the Wage Payment Act"), for, *inter alia*, unpaid

1

minimum wage and overtime wages, liquidated damages, penalty wages, and attorney's fees and costs.

## THE PARTIES

2. Ms. Kidwell is an individual residing in Jefferson Parish, Louisiana. Ms. Kidwell has been employed with Defendants as, among other things, a restaurant manager, hostess, a cook, and a waitress. Plaintiff's consent to join already has been filed into the record, but is again attached hereto as "Exhibit A."

3. Defendant Ruby IV, LLC is a limited liability company organized under the laws of the State of Louisiana and may be served through its registered agent for service of process: **Nadia Esmail, 3733 Lake Michel Court, Gretna, Louisiana, 70056.** Ruby IV is an "employer" within the meaning of the FLSA and the Wage Payment Act.

4. Defendant Ruby Enterprises, LLC is a limited liability company organized under the laws of the State of Louisiana and may be served through its registered agent for service of process: **Nadia Esmail, 3733 Lake Michel Court, Gretna, Louisiana, 70056.** Ruby Enterprises is an "employer" within the meaning of the FLSA and the Wage Payment Act.

5. Defendant Ruba Development Manager, LLC is a limited liability company organized under the laws of the State of Louisiana that is not in good standing with the Louisiana Secretary of State**.** Ruba Development Manager is an "employer" within the meaning of the FLSA and the Wage Payment Act.

6. Defendant Ruby Management, Inc. is a corporation organized under the laws of the State of Louisiana that is not in good standing with the Louisiana Secretary of State**.** Ruby Management is an "employer" within the meaning of the FLSA and the Wage Payment Act. There also is a Ruby Management, Inc. operated by Defendants that appears to be organized

under the laws of the state of Mississippi and may be served through its registered agent for service of process: **Nadia Esmail, 835 Canal Street, New Orleans, LA 70112**.  This action is brought against both "Ruby Management, Inc." entities to the extent they are not the same entity.

7.      Defendant Ruba, LLC is a limited liability company organized under the laws of the State of Louisiana and may be served through its registered agent for service of process: **Nadia Esmail, 3733 Lake Michel Court, Gretna, Louisiana, 70056.**  Ruba is an "employer" within the meaning of the FLSA and the Wage Payment Act.

8.      Defendant Ruba II, LLC is a limited liability company organized under the laws of the State of Louisiana that is not in good standing with the Louisiana Secretary of State**.**  Ruba II is an "employer" within the meaning of the FLSA and the Wage Payment Act.

9.      Defendant Ruba III, LLC is a limited liability company organized under the laws of the State of Louisiana and may be served through its registered agent for service of process: **Nadia Esmail, 3733 Lake Michel Court, Gretna, Louisiana, 70056.**  Ruba III is an "employer" within the meaning of the FLSA and the Wage Payment Act.

10.     Defendant Ruby V, LLC is a limited liability company organized under the laws of the State of Louisiana and may be served through its registered agent for service of process: **Nadia Esmail, 3733 Lake Michel Court, Gretna, Louisiana, 70056.**  Ruby V is an "employer" within the meaning of the FLSA and the Wage Payment Act.

11.     Defendant Ruby VII, LLC is a limited liability company organized under the laws of the State of Louisiana and may be served through its registered agent for service of process: **Nadia Esmail, 3733 Lake Michel Court, Gretna, Louisiana, 70056.**  Ruby VII is an "employer" within the meaning of the FLSA and the Wage Payment Act.

12. Defendant Ruby I.X., LLC is a limited liability company organized under the laws of the State of Louisiana and may be served through its registered agent for service of process: **Nadia Esmail, 3733 Lake Michel Court, Gretna, Louisiana, 70056.** Ruby I.X. is an "employer" within the meaning of the FLSA and the Wage Payment Act.

13. Defendant Ruby X, LLC is a limited liability company organized under the laws of the State of Louisiana and may be served through its registered agent for service of process: **Nadia Esmail, 3733 Lake Michel Court, Gretna, Louisiana, 70056.** Ruby X is an "employer" within the meaning of the FLSA and the Wage Payment Act.

14. Defendant Ruby XI, LLC is a limited liability company organized under the laws of the State of Louisiana and may be served through its registered agent for service of process: **Nadia Esmail, 3733 Lake Michel Court, Gretna, Louisiana, 70056.** Ruby XI is an "employer" within the meaning of the FLSA and the Wage Payment Act.

15. Defendant Ruby XII, LLC is a limited liability company organized under the laws of the State of Louisiana and may be served through its registered agent for service of process: **Nadia Esmail, 3733 Lake Michel Court, Gretna, Louisiana, 70056.** Ruby XII is an "employer" within the meaning of the FLSA and the Wage Payment Act.

16. Defendant Ruby XIV, LLC is a limited liability company organized under the laws of the State of Louisiana and may be served through its registered agent for service of process: **Nadia Esmail, 3733 Lake Michel Court, Gretna, Louisiana, 70056.** Ruby XIV is an "employer" within the meaning of the FLSA and the Wage Payment Act.

17. Defendant Ruby VI, LLC is a limited liability company organized under the laws of the State of Mississippi and may be served through its registered agent for service of process:

**Nadia Esmail, 835 Canal Street, New Orleans, LA 70112.** Ruby XI is an "employer" within the meaning of the FLSA and the Wage Payment Act.

18. Defendant Ruby VIII, LLC is a limited liability company organized under the laws of the State of Mississippi and may be served through its registered agent for service of process: **Nadia Esmail, 835 Canal Street, New Orleans, LA 70112.** Ruby XI is an "employer" within the meaning of the FLSA and the Wage Payment Act.

19. Defendant Nadia Esmail is a corporate officer of Defendants and is an "employer" within the meaning of the FLSA and the Wage Payment Act.

20. Defendant Mohammad Esmail is a corporate officer of Defendants and is an "employer" within the meaning of the FLSA and the Wage Payment Act.

## JURISDICTION AND VENUE

21. This Court has original jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.  Further, this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

22. Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendants are subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

23. At all times material hereto, Defendants were an "enterprise engaged in commerce" within the meaning of the FLSA and, upon information and belief, had more than $500,000 in annual gross revenues.  Defendants own and operate a network of International House of Pancakes ("IHOP") restaurants.

5

24. Furthermore, Plaintiff and all similarly-situated indivduals engaged in commerce within the meaning of the FLSA, and therefore are subject to individual coverage under the FLSA.

25. Defendants constitute an integrated enterprise, with common management, common ownership or financial control, centralized control of labor relations, and a functional interrelation of operations.

26. Defendants have the same or similar officers, the same or similar managers and supervisors, and Defendants share common ownership.

27. Defendants share a centralized source of authority for the development of personnel policies, personnel records, and the screening and testing of job applicants.  This centralized authority currently operates under the name of Ruby Enterprises, which is based primarily out of 835 Canal Street in New Orleans, Louisiana.  The same personnel also makes employment decisions for Defendants.

28. Defendants operate as a single unit, sharing (i) policy manuals, (ii) payroll and insurance programs, (iii) managers and personnel, and (iv) office space, equipment, and storage.

29. As noted above, Plaintiff has been employed with Defendants as, among other things, a restaurant manager, hostess, a cook, and a waitress.

30. While working as a restaurant manager, Plaintiff did not receive a guaranteed salary of at least $455/week.  Rather, while Plaintiff was working as a restaurant manager, Defendants only paid Plaintiff an hourly rate of $12.00/hour and often did not pay her 1 ½ times her regular rate of pay for hours worked over forty in a workweek as required by the FLSA. Copies of Plaintiff's paystubs showing some examples of where she was not paid 1 ½ times her regular rate of pay for hours worked over forty in a workweek are attached hereto as "Exhibit B."

31. While working as a restaurant manager, Plaintiff did not qualify for any of the exemptions to the FLSA's minimum wage and overtime requirements because, *inter alia*, she did not earn a guaranteed salary of at least $455 per week.

32. Plaintiff regularly worked more than forty (40) hours in a workweek for Defendants, but was not paid overtime wages for all of the time worked. While working as a restaurant manager, Plaintiff often worked 50-60 hours per week without receiving overtime pay.

33. Furthermore, Defendants did not keep track of Plaintiff's hours worked or the hours worked by similarly-situated individuals in violation of the FLSA and therefore these employees were not even paid their straight-time rate of pay for many hours that they were required to work "off the clock."

34. Defendants have violated Plaintiff's rights under the FLSA while she was employed as a restaurant manager, a cook, and hostess by, *inter alia*, failing to pay overtime compensation for hours worked over forty (40). Defendants also have violated the rights of similarly-situated individuals by, *inter alia*, failing to pay overtime compensation for hours worked over forty (40).

35. In addition, Defendants have violated the Louisiana Wage Payment Act by failing to pay Plaintiff her $12.00 straight-time rate of pay for many hours that she was required to work "off the clock" while she was employed by Defendants.

36. Plaintiff has made demand to Defendants for the compensation owed to her, but Defendants still have refused to pay the wages owed to Plaintiff.

37. Defendants' denial of straight-time pay, minimum wage, and overtime compensation to Plaintiff and Defendants' denial of minimum wage and overtime compensation to similarly-situated individuals is, and has been, willful and deliberate.

38. As noted above, Plaintiff also has worked as a waitress for Defendants. While Plaintiff was working as a waitress, her tips were highly variable. At various times Defendants would inflate the amount of tips that Plaintiff was reported to receive so that it would appear that she was earning the federal minimum wage of $7.25/hour for hours under forty in a workweek and the minimum overtime rate of $10.88 for hours worked over forty in a workweek, even when her actual tips fell below this amount. Moreover, Plaintiff did not always earn $7.25/hour for hours under 40 in a workweek and the minimum overtime rate of $10.88 for hours worked over forty, even with the tips she received. Furthermore, there were numerous other servers working for Defendants who did not always earn $7.25/hour for hours under 40 in a workweek and the minimum overtime rate of $10.88 for hours worked over forty, even with the tips they received.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff brings her claims under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of herself and (i) other individuals to whom Defendants did not pay overtime compensation for hours worked over forty in a workweek, including hostesses, managers, and other hourly workers (collectively referred to as the "Overtime FLSA Collective"); and (ii) other servers who were not paid $7.25/hour for hours under 40 and the minimum overtime rate of $10.88 for hours worked over forty (the "Server FLSA Collective").

40. Plaintiff, the Overtime FLSA Collective, and the Server FLSA Collective are similarly situated in that they have substantially similar job requirements and pay provisions, and are subject to Defendants' common practice and policy of unlawfully failing to pay compensation as required by the FLSA as heretofore alleged.

41. Defendants have operated under a scheme to deprive Plaintiff, the Overtime FLSA Collective, and the Server FLSA Collective of their requisite compensation by failing to compensate them in accordance with the FLSA as described above.

42. Defendants are liable under the FLSA for, *inter alia*, not paying Plaintiff, the Overtime FLSA Collective, and the Server FLSA Collective in accordance with the FLSA as described above. There are other similarly-situated individuals who would benefit from the issuance of Court-supervised notice and the opportunity to join this lawsuit. These similarly-situated individuals are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## FIRST CAUSE OF ACTION
(Violations of the FLSA – FLSA Collective Action Claims)

43. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

44. The FLSA requires employers to pay all non-exempt employees: (i) at least the federal minimum wage of $7.25 per hour for all hours worked, and (ii) overtime compensation for all hours worked over forty (40).

45. Defendants have violated the requirements of the FLSA by failing to pay overtime compensation to Plaintiff and the Overtime FLSA Collective for hours worked over forty (40) in a workweek as heretofore alleged.

46. Defendants have deprived Plaintiff and the Overtime FLSA Collective of lawful compensation by *inter alia,* failing to pay overtime compensation for hours worked over forty (40).

47. Defendants' conduct, as alleged, constitutes a willful violation of the FLSA.

48. As a result of Defendants' unlawful conduct, Plaintiff and the Overtime FLSA Collective are entitled to damages equal to the amount of all uncompensated time, including minimum wage and overtime pay, and an award of liquidated damages in an amount equal to the amount of unpaid compensation owed under the FLSA.

49. Plaintiff also seeks reasonable attorney's fees and costs, as provided by the FLSA

## SECOND CAUSE OF ACTION
(Failure to Pay Minimum Wage and Overtime – FLSA Collective Action Claims)

50. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

51. The FLSA requires employers to pay all servers at least $7.25/hour for hours under 40 in a workweek and the minimum overtime rate of $10.88 per hour for hours worked over forty, inclusive of tips, assuming that the employer has properly informed its employees that it intends to take a "tip credit" for tips received.

52. As alleged herein, Defendants have violated the requirements of the FLSA by engaging in practices, and implementing policies, that have deprived Plaintiff and the Server FLSA Collective of lawful compensation as heretofore alleged.

53. Defendants' conduct, as alleged, constitutes a willful violation of the FLSA.

54. As a result of Defendants' unlawful conduct, Plaintiff and the Server FLSA Collective are entitled to damages equal to the amount of all uncompensated work time, whether hours worked under forty (40) in a workweek or over forty (40) hours in a workweek, within the three years preceding the filing of the Complaint and an award of liquidated damages in an amount equal to the amount of unpaid compensation owed under the FLSA.

## THIRD CAUSE OF ACTION
(Violations of the Wage Payment Act - Individual Claims for Plaintiff)

55. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

56. Despite demand from Plaintiff, Defendants have failed to pay her the wages due under the terms of her employment and after her termination within the time period prescribed by the Wage Payment Act.

57. Accordingly, Plaintiff is not only entitled to recover her unpaid wages, but also penalty wages, attorney's fees, costs, and judicial interest.

## DEMAND FOR JURY

58. Plaintiff, the Overtime FLSA Collective, and the Server FLSA Collective hereby demand a trial by jury for all issues in this case.

## PRAYER FOR RELIEF

WHEREFORE, having set forth her Complaint, Plaintiff respectfully requests that this Court order the following relief. As to Plaintiff Kidwell, the Overtime FLSA Collective, and the Server FLSA Collective, the Court should:

(a) Enter a declaratory judgment that the practices complained of herein are unlawful under the FLSA and that Defendants willfully violated the rights of Plaintiff, the Overtime FLSA Collective, and the Server FLSA Collective under the FLSA;

(b) Award Plaintiffs, the Overtime FLSA Collective, and the Server FLSA Collective unpaid back wages and liquidated damages equal in amount to the unpaid compensation found due to them under the FLSA;

(c) Award attorney's fees, pre-judgment and post-judgment interest, and costs (including expert witness expenses), all as provided by law; and

(d) Award any other legal and equitable relief that this Court deems just and proper.

As to Plaintiff Kidwell, the Court should:

(a) Award Plaintiff unpaid wages, penalty wages, attorney's fees, costs, and judicial interest as provided by the Wage Payment Act; and

(b) Award any other legal and equitable relief that this Court deems just and proper.

Dated:  May 13, 2019 						Respectfully Submitted:

**WILLIAMS LITIGATION, L.L.C.**

By:  s/Christopher L. Williams
Christopher L. Williams (T.A.)
La. Bar Roll No. 32269
639 Loyola Ave., Suite 1850
New Orleans, LA 70113
Telephone: 504.308.1438
Fax: 504.308.1446
chris@williamslitigation.com


Charles J. Stiegler, #33456
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite 104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com

*Attorneys for Plaintiff, the Overtime FLSA Collective, and the Server FLSA Collective*