UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TAMMY KIDWELL, *et al.*                     CIVIL ACTION

VERSUS                                      NO. 18-2052 c/w 19-11419

RUBY IV, L.L.C., *et al.*                   SECTION: M (5)
                                            *Pertains to 18-2052*

## ORDER & REASONS

Before the Court is an appeal by plaintiffs[1] of the United States Magistrate Judge's August 7 and 8, 2019 Orders.[2] Having considered the United States Magistrate Judge's Orders, the parties' memoranda,[3] the record, and the applicable law, the Court hereby AFFIRMS the United States Magistrate Judge's August 7 and 8, 2019 Orders.

Plaintiffs seek review of the United States Magistrate Judge's Orders refusing to sanction defendants for allegedly failing to comply with the parties' written agreements regarding privilege log disputes, holding that defendants have not been dilatory with their production of records for opt-in plaintiffs, holding that plaintiffs were not entitled to an award of expenses relating to defendants' discovery conduct, and requiring the parties to engage in status conferences with the him prior to filing any future discovery motions.[4]

Magistrate judges are empowered to "hear and determine" certain non-dispositive pretrial motions, including discovery disputes. 28 U.S.C. § 636(b)(1)(A). If a party is dissatisfied with a magistrate judge's ruling, it may appeal to the district court. Fed. R. Civ. P. 72(a). When a timely objection is raised, the district court will "modify or set aside any part of the order that is clearly

---

[1] R. Doc. 251.
[2] R. Docs. 244-45.
[3] R. Docs. 251-1, 261 & 270.
[4] R. Doc. 251-1.

erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A). A district court reviews the magistrate judge's "factual findings under a clearly erroneous standard, while legal conclusions are reviewed de novo." *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (internal citation omitted). A factual "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "[D]iscovery decisions are usually quintessential examples of the exercise of discretion – district judges do not substitute their own judgment for that of the magistrate judge." *Nunn v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 2044477, at *4 (N.D. Tex. May 24, 2010).

The discovery orders issued by the United States Magistrate Judge on August 7 and 8, 2019, were neither clearly erroneous nor contrary to law. The United States Magistrate Judge has been deeply involved in the numerous discovery disputes that have arisen in this contentious case. As such, this Court will not interfere in the United States Magistrate Judge's reasoned and measured management of this difficult discovery process. Accordingly, for the foregoing reasons, the United States Magistrate Judge's August 7 and 8, 2019 Orders are AFFIRMED.

New Orleans, Louisiana, this 17th day of September, 2019.



BARRY W. ASHE
UNITED STATES DISTRICT JUDGE