UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TAMMY KIDWELL, *et al.*                          CIVIL ACTION

VERSUS                                           NO. 18-2052 c/w 19-11419

RUBY IV, L.L.C., *et al.*                         SECTION: M (5)
                                                                 *Pertains to all cases*

## ORDER & REASONS

Before the Court is plaintiffs' motion for reconsideration of its May 14, 2020 Order denying without prejudice plaintiffs' motion for summary judgment and denying defendants' Rule 56(d) motion as moot.[1] Defendants respond in opposition,[2] and plaintiffs reply in further support of the motion.[3] Plaintiffs couch their motion for reconsideration as if this Court granted defendants' Rule 56(d) motion, which it did not. Instead, the Court, on its own motion, denied plaintiffs' motion for summary judgment without prejudice to refiling it at a later date. The Court did so in light of the ongoing pandemic and associated lockdowns, and their obvious impact on litigants' efforts to prepare their cases, including completing all necessary discovery. The Court took this step without regard to the parties' pending motions, not because of them. This Court acted within its discretion to manage its docket, advance the orderly administration of justice, and afford consideration to all litigants in light of the current world health situation. Plaintiffs have not met their burden of demonstrating that reconsideration is warranted. Accordingly,

---

[1] R. Doc. 358.
[2] R. Doc. 359.
[3] R. Doc. 365.

IT IS ORDERED that plaintiffs' motion for reconsideration (R. Doc. 358) is DENIED.[4]

New Orleans, Louisiana, this 4th day of June, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[4] This Court is tiring of both sides' unnecessarily contentious litigation conduct. The parties are hereby warned to be mindful of the motions they file, including their full development and readiness for presentation to the Court; piecemeal motion practice is discouraged as contrary to the efficient administration of justice. *See, e.g.*, *Graczyk v. Verizon Commc'ns, Inc.*, 2020 WL 1435031, at *7 n.7 (S.D.N.Y. Mar. 24, 2020) (collecting cases). Otherwise, the Court will be compelled to require that the parties first seek leave to file certain kinds of motions.