IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TAMMY KIDWELL, on behalf of herself and all others similarly situated,** | § § § | **No. 18-cv-2052 c/w 19-11419** |
| Plaintiff, | § § | **Applies to all cases** |
| v. | § § | |
| **RUBY IV, LLC,** *et al.* | § § | **Section M (5)** |
| Defendants | § § § § | |

**PLAINTIFFS' RULE 30(b)(6) NOTICE OF DEPOSITION**

TO:   ALL COUNSEL OF RECORD

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Tammy Kidwell, on behalf of herself and the FLSA Collectives, will take the depositions of Defendants Ruby Enterprises, LLC, Ruby Management, Inc., Ruba, LLC, Ruba, III, LLC, Ruby IV, LLC, Ruby V, LLC, Ruby VI, LLC, Ruby VII, LLC; Ruby VIII, LLC, Ruby I.X., LLC, Ruby X, LLC, Ruby XI, LLC, Ruby XII, LLC; Ruby XIV, LLC, and Ruby XV, LLC (collectively referred to as "Defendants") by a person or persons designated by Defendants before a court reporter authorized by law to administer oaths. The deposition will begin at **9:30 a.m. on July 2, 2020** at **Bagneris, Pieksen & Associates, LLC, 935 Gravier Street, Suite 2110, New Orleans, LA 70112,** and will continue from day to day until completed. The deposition will be taken for all uses and purposes for which a deposition may be taken. The deposition will take place before a person authorized by law to administer oaths and **will be recorded by videotape and/or stenographic means.**

1

Defendant shall designate one or more officers, directors, managing agents, or other persons to testify on its behalf, and shall set forth, for each person designated, the matters on which the person will testify. The person(s) so designated by Defendant shall testify on matters known or reasonably available to Defendant concerning the following topics or subjects:

## INSTRUCTIONS

1. Unless otherwise noted, the terms "Defendant," "you," and "yours" refer to Defendants Ruby Enterprises, LLC, Ruby Management, Inc., Ruba, LLC, Ruba, III, LLC, Ruby IV, LLC, Ruby V, LLC, Ruby VI, LLC, Ruby VII, LLC; Ruby VIII, LLC, Ruby I.X., LLC, Ruby X, LLC, Ruby XI, LLC, Ruby XII, LLC; Ruby XIV, LLC, and Ruby XV, LLC, and any parent, subsidiary, predecessor, successor, or related entity, as well as any officer, director, consultant, owner, agent, investigator, advisor, manager, attorney, board of director, or employee of Defendants, and any other person, agent, or entity acting on behalf of Defendants.

2. "Answer" refers, in appropriate contexts, to the Answer filed by Defendants in this Action.

3. "Complaint" means the Complaint filed by Plaintiffs in this Action and any Amended Complaint.

4. "Plaintiffs" shall mean any named or opt-in Plaintiff in this Action.

5. Unless otherwise specified, these topics shall cover the timeframe from February 1, 2014 through the present (sometimes referred to as "the Relevant Period").

## DEPOSITION TOPICS

1. The nature of Defendants' business and their management structure, including the management structure at each of the IHOP restaurants owned or operated by Defendants during the Relevant Period.

2

2. Defendants' policies and procedures in effect during the Relevant Period regarding employee hours of work, and recordation of those hours.

3. Any investigations into Defendants' pay practices, time-keeping practices, deductions from employees' pay, and record-keeping practices; and any claims or lawsuits for unpaid wages or unpaid overtime compensation, whether internal or filed with any court or government agency, and any investigation of those claims. This topic covers the time period January 1, 2012 through the present.

4. The posting of posters or other notices provided by Defendants, or disseminated by Defendants, concerning payment of minimum wage, overtime, and any credits/offsets Defendants claim to have taken with respect to Plaintiffs for purposes of complying with the FLSA's minimum wage and overtime requirements; and the contents of any such posters or notices.

5. All time-keeping systems Defendant used to track Plaintiffs' hours worked during the Relevant Period, whether electronic, paper, or otherwise, and the retention or production of records from any such time-keeping systems.

6. Defendants' position as to the number of hours worked per day, per week, per month, and per year for each Plaintiff.

7. Defendants' position as to the amount of compensation paid to each Plaintiff per day, per month, and per year.

8. The calculation of the regular rate of pay and overtime rate for Plaintiffs, and who is responsible for this making this determination for Defendant.

9. The work schedules of Plaintiffs.

10. Defendants' investigation of the allegations asserted in this case.

11. Facts related to Defendants' "coverage" under the FLSA (including their gross

annual revenues, and whether they are engaged in interstate commerce).[1]

12. Defendants' corporate knowledge of the FLSA and the FLSA's requirements concerning payment of minimum wage and overtime, notice requirements (if any) applicable to Defendants' employees, deductions to pay, the payment and retention of tips to any of Defendants' employees, and record-keeping requirements.

13. The job titles and job responsibilities of Plaintiffs.

14. Defendants' corporate management structure, including lines of reporting and responsibilities.

15. All policies and/or practices applicable to payment of compensation to Plaintiffs or their hours worked, including how such policies were derived and when and whether such policies were enforced, with respect to: (i) time-keeping; (ii) the compensation paid (or not paid) to Plaintiffs, whether salary, hourly rate, tips, service charges, or any other form of compensation; (iii) all deductions made to Plaintiffs' pay, and (iv) payment of minimum wage and overtime.

16. If Defendant claims that any exemption to the FLSA applies to Plaintiffs, the following information regarding the classification of Plaintiffs, including the facts and evidence supporting any good-faith determination that Defendant properly classified Plaintiffs, including, but not limited to:

   a. The identity of each Plaintiff;

   b. the factual basis for why the specific Plaintiff is exempt from overtime under the FLSA;

   c. the individual(s) involved in making or approving the classification decision;

   d. the reasons for the classification decision;

   e. the exemptions on which Defendant relied to support its classification decision;

---

[1] If Defendants will stipulate that they are an enterprise engaged in commerce within the meaning of the FLSA and subject to the requirements of the FLSA, then this topic can be eliminated.

    f.  the existence and location of documents which reflect such classification decision;

    g.  the existence and location of documents concerning the process that led to the decision on how and to classify Plaintiffs as exempt; and

    h.  the affirmative steps (if any) that Defendant undertook to ascertain that its decision to classify Plaintiffs as exempt complies with the FLSA, and its requirements.

17. Any Department of Labor communications, investigations, reports, documents, or opinions which were relied upon in determining pay practices or policies applicable to Plaintiffs, including calculation of overtime, deductions to pay, and all facts surrounding when, how, and why such correspondences were initiated. This topic covers the time period January 1, 2012 through the present.

18. Any legal opinions (whether by external or internal counsel) which were relied upon in determining pay practices and policies applicable to Plaintiffs and all facts relating to when, how, and why such opinions were obtained.

19. The manner in which the personnel files, employee acknowledgements, payroll records, work schedules and time-keeping records of Plaintiffs are created, maintained and organized, including the location where such data may be stored, and the format in which it is stored.

20. The job title and job duties of Plaintiffs.

21. Defendants' policy concerning deductions or reductions made to the compensation of Plaintiffs or any other employees for alleged poor work performance, shortfalls in payments, failing to show up for work, tardiness, and for any other reason.

22. The policies and procedures set forth in the documents that Defendants have produced in this matter for Plaintiffs and other employees.

23. The factual basis for Defendants' responses to any of Plaintiffs' Interrogatories, Requests for Admission, and Requests for Productions.

24. The factual basis for the admissions, assertions, denials, and affirmative defenses in any of Defendants' Answers filed in this matter.

25. The contents of any personnel files, including the information noted on any pay stubs and timesheets, and/or any employee acknowledgements that Defendant has produced for Plaintiffs in this case.

26. Service charges charged by Defendants to anyone, including their customers, and how any service charges are distributed to Plaintiffs or any other employees of Defendants.

27. The identity of all persons responsible for any of the following with respect to Plaintiffs or other employees of Defendants: (1) hiring and firing of employees, (2) determining employee pay rates and the method of payment, (3) setting employee schedules, (4) setting or establishing employee work conditions, and (5) maintaining employment records, including time records, pay records, personnel files, and employee acknowledgments.

Dated: June 15, 2020

Respectfully Submitted:

**WILLIAMS LITIGATION, L.L.C.**

By: s/Christopher L. Williams
Christopher L. Williams (T.A.)
La. Bar Roll No. 32269
639 Loyola Ave., Suite 1850
New Orleans, LA 70113
Telephone: 504.308.1438
Fax: 504.308.1446
chris@williamslitigation.com

Charles J. Stiegler, #33456
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite 104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com

***Attorneys for Plaintiff and the FLSA Collective***

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2020 a copy of the above and foregoing Plaintiffs' 30(b)(6) Deposition Notice has been served upon Defendants' counsel via email.

S/ Christopher L. Williams