UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TAMMY KIDWELL, *et al.*                                                 CIVIL ACTION

VERSUS                                                             NO. 18-2052 c/w 19-11419

RUBY IV, L.L.C., *et al.*                                              SECTION M (5)
                                                                                             *Pertains to all cases*

**<u>ORDER & REASONS</u>**

Before the Court is a motion by named plaintiffs, Tammy Kidwell, Candas Green, Christie Bonamour, and Shannon Showalter, on behalf of themselves and the Fair Labor Standards Act collectives certified in this case (collectively, "Plaintiffs"), for partial summary judgment as to defendants' failure to establish their entitlement to claim a tip credit with respect to servers and other tipped employees.[1] Defendants Ruby Enterprises, LLC, Ruby Management, Inc., Ruba, LLC, Ruba III, LLC, Ruby IV, LLC, Ruby V, LLC, Ruby VI, LLC, Ruby VII, LLC, Ruby VIII, LLC, Ruby I.X., LLC, Ruby X, LLC, Ruby XI, LLC, Ruby XII, LLC, Ruby XIV, LLC, Ruby XV, LLC, Nadia Esmail, and Mohammad Esmail (collectively "Defendants") respond in opposition,[2] and Plaintiffs reply in further support of their motion.[3] Having considered the parties memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the motion.

**I.  BACKGROUND**

These consolidated cases arise out of Plaintiffs' employment at Defendants' International House of Pancakes restaurants as managers, hosts or hostesses, cooks, and servers.[4] Plaintiffs allege that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*,

---

[1] R. Doc. 406.
[2] R. Doc. 437.
[3] R. Doc. 451.
[4] R. Doc. 173; *see also* Civil Action No. 19-11419, R. Doc. 1.

by failing to pay the required minimum wage and overtime compensation.[5] Pertinent to the present motion, Plaintiffs allege in both of the consolidated actions that Defendants failed to pay properly the servers' wages by inflating "the amount of tips that Plaintiff[s] w[ere] reported to receive so that it would appear that [they] w[ere] earning the federal minimum wage of $7.25/hour for hours under forty in a workweek and the minimum overtime rate of $10.88 for hours worked over forty in a workweek, even when [their] actual tips fell below this amount."[6] In the *Green* case (Civil Action No. 19-11419), Plaintiffs further allege that Defendants did not meet the requirements of 29 U.S.C. § 230(m)(2) to avail themselves of the tip credit because they failed to provide Plaintiffs with proper notice of the tip credit and did not allow Plaintiffs to retain all of their tips.[7] Defendants deny these allegations in their answers in both cases.[8] The Court conditionally certified FLSA classes consisting in part of "All servers (waiters/waitresses) working for the Defendants between June 13, 2015, and the present, who were not paid $7.25/hour for hours worked under forty (40) in a workweek and/or the minimum overtime rate of $10.88 for hours worked over forty (40) in a workweek (the 'Server FLSA Collective')."[9]

## II.   PENDING MOTION

Plaintiffs argue that the tip credit is an affirmative defense, and Defendants waived the defense by failing to properly plead it in their answers and by stating in corporate depositions that they do not rely on any credits to satisfy the FLSA minimum wage and overtime pay requirements.[10] Plaintiffs also argue that, if the Court finds that Defendants' eleventh affirmative defense in the *Kidwell* case is construed to include the tip credit, Defendants have conceded the

---

[5] R. Doc. 173 at 1-10; *see also* Civil Action No. 19-11419, R. Doc. 1.
[6] R. Doc. 173 at 8; *see also* Civil Action No. 19-11419, R. Doc. 1 at 7-8.
[7] Civil Action No. 19-11419, R. Doc. 1 at 8.
[8] R. Doc. 198 at 11; Civil Action No. 19-11419, R. Doc. 34 at 6-7.
[9] R. Doc. 102 at 15-16.
[10] R. Doc. 406-2 at 3-5.

defense by failing to specifically oppose its dismissal in response to another motion for partial summary judgment filed by Plaintiffs.[11]

Further, Plaintiffs argue that Defendants cannot take advantage of the tip credit because there is no proof that Defendants gave the employees the required notice.[12] Specifically, Plaintiffs argue that, because Defendants testified that employees either physically or electronically signed an acknowledgement when notified of the tip credit, and Defendants have not produced in discovery any signed acknowledgments, Defendants must not have given any employee notice of the tip credit and cannot carry their burden to establish that such notice was given.[13] To that end, Kidwell, the only plaintiff deposed, testified at her deposition that she was not informed of the tip credit.[14] Moreover, Plaintiffs argue that Defendants' affidavits are vague and do not prove that they had a poster, during the relevant time, that adequately apprised the employees of the tip credit.[15]

In addition, Plaintiffs argue that Defendants cannot avail themselves of the tip credit because servers did not always earn the federal minimum wage, inclusive of tips, for a 40-hour workweek, and Defendants made improper adjustments to time records to make it appear that the servers were paid properly.[16] According to Plaintiffs, because Defendants cannot claim the tip credit, all servers are entitled to damages of $5.12 per hour for every hour worked in the three-year statutory period, exclusive of liquidated damages.[17]

In opposition, Defendants argue that they pleaded the tip credit in their eleventh ("Defendants are entitled to all just and lawful offsets and credits") and eighteenth ("Defendants

---

[11] R. Doc. 451 at 11.
[12] R. Doc. 406-2 at 5-15.
[13] *Id.*; R. Doc. 451 at 1-2 & 4-5.
[14] R. Doc. 451 at 3-4.
[15] *Id.* at 12-14.
[16] R. Doc. 406-2 at 16-23.
[17] *Id.* at 16.

3

affirmatively plead all defenses available and/or applicable to it under the [FLSA]") affirmative defenses raised in the *Kidwell* case.[18] Defendants also argue that Plaintiffs in the *Green* case expressly raised the tip credit issue in their complaint and Defendants specifically denied those allegations.[19] Further, Defendants argue that their claiming the tip credit is no surprise to Plaintiffs because it has been a central issue of the litigation, and Plaintiffs themselves pursued discovery on the tip credit.[20] Thus, according to Defendants, they preserved their right to claim the tip credit.[21]

Moreover, Defendants argue that they gave the servers proper notice of their intent to take the tip credit by including information on the credit in an employee handbook, providing such information on the Netchex website, and displaying such information on posters.[22] With their motion, Defendants submitted affidavits of various restaurant managers stating: (1) that it is Defendants' policy to inform new servers during the hiring and orientation process, either orally or online, that they will be paid at least a minimum wage, based on an hourly rate of $2.13 plus tips; (2) that Defendants have a policy of posting in the employee break room notices that include information on the tip credit; and (3) that servers are not required to pool their tips or pay them to any other employee.[23] Defendants also argue that Plaintiffs did not offer an affidavit from any plaintiff attesting to a lack of notice regarding receipt of a reduced servers' wage, or stating that servers had to share their tips or did not retain all their tips.[24] Further, Defendants contend that there is no legal requirement for employees to receive written notice of the tip credit or sign an acknowledgment of notice, and as such, the lack of signed acknowledgements does not prove that Defendants did not notify the servers about the tip credit, especially considering that such

---

[18] R. Doc. 437 at 6-7.
[19] *Id.* at 7-8.
[20] *Id.* at 8-10.
[21] *Id.* at 6-10.
[22] R. Doc. 437.
[23] R. Docs. 437-7 to 437-12.
[24] R. Doc. 437 at 6 & 10.

information was included in the employee handbook and in an online disclosure hosted by Netchex.[25] Defendants also argue that there are contested issues of fact regarding whether they displayed the requisite tip credit information on posters that were sufficient to provide notice.[26] Finally, Defendants argue that they did not adjust payroll documents on a regular basis and that the six isolated instances Plaintiffs identify are insufficient to deprive Defendants of the ability to claim the tip credit.[27]

### III. LAW & ANALYSIS

#### A. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id*. A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id*. at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

---

[25] *Id*. at 11.
[26] *Id*.
[27] *Id*. at 12-13.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). The substantive law identifies which facts are material. *Id.* Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Equal Emp't Opportunity Comm'n v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine dispute, the nonmovant must articulate specific facts and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A) & (c)(2). Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point

6

to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary judgment burden. *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(B). Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075-76.

    **B.**    **FLSA Tip Credit**

The FLSA requires employers to pay covered employees a minimum wage of $7.25 per hour. 29 U.S.C. § 206(a)(1). If an employer violates the FLSA's minimum wage provisions, it is liable to the employee for "the amount of [the employee's] unpaid minimum wages," as well as "an additional equal amount as liquidated damages." *Id.* § 216(b); *see also Arriaga v. Fla. Pac. Farms, LLC*, 305 F.3d 1228, 1237 n.11 (11th Cir. 2002) (noting that the employer is required to reimburse an employee only "up to the point that the minimum wage is met").

The FLSA, however, allows employers to pay "tipped employees," such as restaurant servers, less than $7.25 per hour if the difference is supplemented with the employees' tips. 29 U.S.C. § 203(m)(2). A "tipped employee" is defined by the FLSA as one who is "engaged in an occupation in which he [or she] customarily and regularly receives more than $30 a month in tips." *Id.* § 203(t). This exception to the general minimum wage requirement is known as the "tip credit." *Montano v. Montrose Rest. Assocs., Inc.*, 800 F.3d 186, 188 (5th Cir. 2015). An employer is eligible for the tip credit, as it applies to a particular employee, only if the employer (1) informs that employee of the FLSA's tip credit provisions, and (2) allows the employee to retain all of his or her tips. 29 U.S.C. § 203(m)(2)(A); *Montano*, 800 F.3d at 188. The tip credit is an affirmative defense for which the employer bears the burden of proof. *Gurule v. Land Guardian, Inc.*, 2017 WL 6885418, at *1 (S.D. Tex. Sept. 6, 2017) (citing *Gustavus v. Cazos, Inc.*, 774 F. Supp. 2d 856, 858 (S.D. Tex. 2011)); *Almanza v. Taqueria El Alteno No. 1, Inc.*, 2010 WL 11678958, at *5 (S.D.

7

Tex. July 29, 2010); *Williams v. Sake Hibachi Sushi & Bar, Inc.*, 2020 WL 3317096, at *3 (N.D. Tex. June 18, 2020) (employer has burden of establishing its entitlement to tip credit) (citing *Montano*, 800 F.3d at 189; *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 230 (5th Cir. 2011)).

### 1. Defendants did not waive the tip credit defense

Rule 8(b) of the Federal Rules of Civil Procedure requires a defendant in its answer to "(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). Rule 8(c) requires a defendant to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "Failure to do so may result in waiver." *Smith v. Travelers Cas. Ins. Co. of Am.*, 932 F.3d 302, 308-09 (5th Cir. 2019) (citing *Lucas v. United States*, 807 F.2d 414, 417 (5th Cir. 1986)). However, "'[w]here the matter is raised in the trial court in a manner that does not result in unfair surprise, … technical failure to comply precisely with Rule 8(c) is not fatal.'" *Id.* at 309 (quoting *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855-56 (5th Cir. 1983)). "This 'play in the joints' is permissible because 'Rule 8(c)'s purpose is to give the plaintiff fair notice.'" *Id.* (quoting *Motion Med. Techs., L.L.C. v. Thermotek, Inc.*, 875 F.3d 765, 771 (5th Cir. 2017)). In this light, "the defendant does not waive an affirmative defense" if the issue is raised "at a pragmatically sufficient time," and if the plaintiff "was not prejudiced in its ability to respond." *Lucas*, 807 F.2d at 418 (quoting *Allied*, 695 F.2d at 856). Thus, the Fifth Circuit does "not take a formalistic approach to determine whether an affirmative defense was waived" under Rule 8(c), but rather, looks "at the overall context of the litigation and ha[s] found no waiver where no evidence of prejudice exists and [the plaintiff had] sufficient time to respond to the defense ... before trial." *Pasco ex rel. Pasco v. Knoblauch*, 566 F.3d 572, 577 (5th Cir. 2009). "'The prejudice inquiry considers whether the plaintiff had sufficient notice to prepare for and contest the defense, and not simply whether the

defense, and evidence in support of it, were detrimental to the plaintiff (as every affirmative defense is).'" *Smith*, 932 F.3d at 309 (quoting *Rogers v. McDorman*, 521 F.3d 381, 387 (5th Cir. 2008)) (original brackets omitted).

Plaintiffs argue that Defendants waived the tip credit defense by failing to adequately plead it in their answer in either the *Kidwell* or the *Green* case, and that if it was pleaded, Defendants nevertheless waived their right to assert it because their corporate representatives testified that they are not relying on a credit and because Defendants conceded certain defenses that could be interpreted to encompass the tip credit defense. Even assuming that Defendants did not plead properly the tip credit defense,[28] Plaintiffs' waiver argument ignores the state of play in this litigation. Defendants' entitlement to claim the tip credit has been a central issue in this litigation from the beginning. Plaintiffs raised the issue of tips in their complaints in both of the consolidated cases, and they specifically anticipated the tip credit defense in the *Green* complaint. In was thus unnecessary for Defendants to plead the tip credit as an affirmative defense as a means of giving Plaintiffs fair notice that the credit was at issue; Defendants need only have denied Plaintiffs' allegations to join issue on the question, as they did. Moreover, the parties have consistently litigated the issue throughout discovery and Defendants even filed motions for summary judgment in which they admit liability to certain server plaintiffs but apply the tip credit in calculating the amounts owed.[29] *See Lafreniere Park Found. v. Broussard*, 221 F.3d 804, 808 (5th Cir. 2000) (explaining that, to avoid waiver, the defendants "should have either pleaded [the defense] in their original answer or sought to amend their answer pursuant to Rule 15(a)" but reasoning that it was sufficient for the defendants to have "raised the defense in a motion for summary judgment"

---

[28] It follows that Defendants could not have disavowed by stipulation or otherwise a defense that was not properly pleaded, so Plaintiffs' argument in this regard is inconsequential.

[29] *See* R. Docs. 403 & 405.

9

because it did so at a "pragmatically sufficient time" to avoid "unfair surprise" and the plaintiff "was not prejudiced"). Hence, Plaintiffs cannot plausibly claim surprise as would justify waiver of Defendants' tip credit defense under Rule 8(c). *See Kerr v. Smith Petroleum Co.*, 896 F. Supp. 605, 607 n.4 (E.D. La. 1995) (no unfair surprise when a plaintiff pleads an issue in its complaint); *see also Gurule*, 2017 WL 6885418, at *1 (finding no waiver when the plaintiffs raised the tip credit issue in their complaint and defendants litigated the issue through discovery and a motion for partial summary judgment). The Court also finds that the response of the corporate representative to a deposition question that did not specifically address the tip credit cannot be deemed a waiver of the defense when Defendants continued to litigate the issue through discovery and the filing of summary-judgment motions relying on the tip credit. In sum, although Defendants may not have done everything they could to make it clear they were asserting the defense, they did enough and there has been no unfair surprise or prejudice to Plaintiffs in their ability to litigate the tip credit issue on the merits.

**2. Disputed issues of material fact preclude summary judgment on the tip credit**

The gist of Plaintiffs' argument regarding Defendants' obligation to provide notice of their intent to claim the tip credit is that Defendants must not have informed each Plaintiff of the tip credit because there are no written acknowledgements signed by Plaintiffs stating that they were so advised, and Defendants testified that it was their policy to have such acknowledgments. While written acknowledgements would be proof positive that Plaintiffs were informed of the tip credit, their absence is not proof positive that they were not so informed. Several corporate representatives state in their affidavits that Defendants had a policy to inform servers of the tip credit at hiring or during orientation. Although these statements are not specific to any Plaintiff – and Plaintiffs invite the Court to ignore them as vague – they are sufficient to create a genuine

issue of material fact regarding whether Plaintiffs were informed of the tip credit. Indeed, the only specific information before the Court is Kidwell's testimony that she was not informed of the tip credit. But even this testimony, and that of the corporate representative, are subject to credibility determinations that must be weighed by the trier of fact in resolving the contradiction. Further, Plaintiffs' insistence that the posters Defendants displayed were without sufficient information on the tip credit is rebutted by Defendants' affidavits that they were, again giving rise to contested issues of fact precluding summary judgment. Finally, there are also issues of fact regarding Defendants' alleged alteration of the servers' tip records, so based on the record before it, the Court cannot grant summary judgment denying Defendants the tip credit as to any of the servers, much less all of them.

**IV.   CONCLUSION**

Accordingly, for the reasons stated above

IT IS ORDERED that Plaintiffs' motion for partial summary judgment on Defendants' failure to establish their entitlement to the tip credit (R. Doc. 406) is DENIED.

New Orleans, Louisiana, this 28th day of August, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE