UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TAMMY KIDWELL, *et al.*                    CIVIL ACTION

VERSUS                                  NO. 18-2052 c/w 19-11419

RUBY IV, L.L.C., *et al.*                     SECTION M (5)
                                                       *Pertains to all cases*

## **ORDER & REASONS**

Before the Court is a motion by defendants Ruby Enterprises, LLC, Ruby Management, Inc., Ruba, LLC, Ruba III, LLC, Ruby IV, LLC, Ruby V, LLC, Ruby VI, LLC, Ruby VII, LLC, Ruby VIII, LLC, Ruby I.X., LLC, Ruby X, LLC, Ruby XI, LLC, Ruby XII, LLC, Ruby XIV, LLC, Ruby XV, LLC, Nadia Esmail, and Mohammad Esmail (collectively "defendants") for partial summary judgment regarding damages to all non-server plaintiffs with timely overtime claims,[1] and defendants' supplemental memorandum in support of the motion.[2] Plaintiffs respond in opposition,[3] and defendants reply in further support of their motion.[4] Having considered the parties' memoranda, the record, and the applicable law, the Court holds that, on the record before it, defendants have not proved the amount of damages they owe to each of the listed plaintiffs, so the motion is denied.

---

[1] R. Doc. 398.
[2] R. Doc. 439. Defendants updated the list of non-server plaintiffs to whom the motion applies after counsel became aware of the tolling agreements. The original Exhibit B (R. Doc. 398-6) contains documents supporting the damages calculations for some of the non-server plaintiffs listed in the original Exhibit A (R. Doc. 398-5). The Court is not aware, however, of any evidence supporting the calculations for the non-server plaintiffs who were added to the new Exhibit A (R. Doc. 439-1).
[3] R. Doc. 468.
[4] R. Doc. 473.

I.  **BACKGROUND**

These consolidated cases arise out of plaintiffs' employment at defendants' International House of Pancakes restaurants as managers, hosts or hostesses, cooks, and servers.[5] Plaintiffs allege that defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, by failing to pay the requisite minimum wage and overtime compensation.[6] The Court conditionally certified two FLSA classes consisting of:

> (1) All hourly workers working for the Defendants between June 13, 2015, and the present, to whom Defendants did not pay overtime compensation for hours worked over forty (40) in a workweek, including hostesses, managers and other hourly workers (collectively referred to as the "Overtime FLSA Collective"); and
>
> (2) All servers (waiters/waitresses) working for the Defendants between June 13, 2015, and the present, who were not paid $7.25/hour for hours worked under forty (40) in a workweek and/or the minimum overtime rate of $10.88 for hours worked over forty (40) in a workweek (the "Server FLSA Collective").[7]

Putative class members were allowed a period of time to opt in to the class. Due to tolling agreements, this case encompasses FLSA claims arising from September 28, 2015, to the date of trial.[8]

II.  **PENDING MOTION**

Defendants move for partial summary judgment seeking an order setting the damages they owe to opt-in non-server plaintiffs who they concede have timely claims for uncompensated overtime.[9] Defendants reviewed their employee payroll records and time records – Delaget b-50 Total Hours Worked reports ("b-50 reports") – and identified non-server plaintiffs with timely

---

[5] R. Doc. 173; *see also* Civil Action No. 19-11419, R. Doc. 1.
[6] R. Doc. 173 at 1-10; *see also* Civil Action No. 19-11419, R. Doc. 1.
[7] R. Doc. 102 at 15-16.
[8] R. Docs. 80 & 81.
[9] R. Doc. 398.

claims for uncompensated overtime.[10] Defendants support their motion by submitting the Bates-stamped b-50 reports for each of the listed employees (Exhibit B),[11] and a chart summarizing the information in those reports (Exhibit A).[12] Defendants explain their process as follows:

> In each instance where the payroll records indicate unpaid overtime (calculated at 1.5 times the regular rate of pay), the amount of unpaid overtime is reflected on Exhibit "A." For those employees with a timely claim, but no damages owed (as they were paid all overtime due), the amount owed is reflected as $0.00. Further, each respective unpaid overtime damage calculation is based on a 3-year [statute of limitations period] (calculated from the date of each respective plaintiff's PACER-filed Opt-In Consent Form, also shown on Exhibit "A"), and then doubled to reflect a measure of liquated damages.[13]

According to defendants' calculations, the following non-server plaintiffs are owed the stated amounts as damages for uncompensated overtime:[14]

| Employee | Amount Owed |
|---|---|
| Darius Bailey | $67.20 |
| Demetreis Burks | $11.10 |
| Myles Charpentier | $106.30 |
| Tracy Cooper | $3,800.00 |
| Governor Dixon | $34.56 |
| Broderick Grant | $22.05 |
| Bobby Grayson | $9.83 |
| Landon Guidry | $877.69 |
| Doral Harris | $132.55 |
| Malcolm Harris | $3,150.00 |
| Nyesha Jones | $326.37 |
| Jessica Kelly | $5,890.00 |
| Ron Kendrick | $852.25 |
| Ronald Nelson | $25.75 |
| Kaylin Pecot | $3,850.00 |

---

[10] R. Doc. 398-1 at 1-2 (citing R. Doc. 398-6).
[11] R. Doc. 398-6. However, defendants admit that not all of the supporting documents are included. R. Doc. 398-1 at 2 n.2.
[12] R. Doc. 439-1.
[13] R. Doc. 398-1 at 2.
[14] R. Docs. 398; 439 at 5-6; 439-1.

| | |
|---|---|
| Cornelius Piggs | $3.74 |
| Esau Rodriguez | $1,260.00 |
| Christopher Scott | $89.98 |
| Henderson Tremell | $295.30 |
| Heather Ullrich | $120.00 |
| Mercedes Williams | $750.40 |

Defendants also contend that the following non-server plaintiffs are not owed any money for uncompensated overtime:[15]

| | |
|---|---|
| Laura Bennett | Christopher Boguille |
| Antoine Burns | Chico Cromartie |
| Michael Deeks | Peter DeIrish |
| Laurentino Delgadillo-Lopez | Aida Flores |
| Dominick Giardina | Donovan Jackson |
| Ronnie Jackson | Christopher Johnson |
| Damion Johnson | Dvonte Lewis |
| Marcus Owens | Daniel Pierre |
| Thaddeus Pennie | Deonte Powell |
| Kevin Thomas | Ivelina Todorova |
| Deante VanBuren | Edward Varnado |
| Veronica Williams | Jordan Zeller |

Defendants submit a statement listing the following material facts as uncontested:

1) All plaintiffs listed on Exhibit A were employed by Defendants;

2) All plaintiffs listed on Exhibit A have asserted either a claim for unpaid overtime, a claim for unpaid minimum wage, or both;

3) Exhibit B contains all available time records (b-50 reports) for regular hours worked, overtime hours worked (if any), and cash tips earned (if any), on a daily basis, for each plaintiff listed on Exhibit A.[16]

---

[15] R. Doc. 439-1.
[16] R. Doc. 398-4.

In opposition, plaintiffs argue that defendants' calculations are unsupported and inaccurate.[17] Plaintiffs argue that managers and assistant managers did not clock-in, so there would not be b-50 reports for these employees.[18] Plaintiffs submit payroll records for two non-server plaintiffs, who both worked as assistant managers for a time, Tracy Cooper and Kaylin Pecot, showing that they each worked some overtime that was not reflected in their respective b-50 reports.[19] With no evidence as to any other non-server plaintiff who is the subject of this motion, plaintiffs argue that defendants' motion must be denied because defendants failed to present to the Court a complete and accurate universe of all implicated non-server plaintiffs' time and payroll records, which, according to plaintiffs, casts doubt on the entirety of defendants' analysis.[20]

Plaintiffs also argue that defendants' motion is procedurally inadequate because Exhibit A is an unauthenticated spreadsheet that was drafted by defense counsel and is not supported by an affidavit or declaration explaining how the document was created.[21] Further, plaintiffs urge that defendants' statement of uncontested material facts is inadequate because it does not have a paragraph specific to each of the affected non-server plaintiffs, but rather lumps them together in a single sentence.[22]

### III. LAW & ANALYSIS

#### A. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

---

[17] R. Doc. 468 at 7-12.
[18] *Id.*
[19] *Id.* at 10-11; R. Docs. 468-6 at 18-26 & 46-51.
[20] R. Doc. 468 at 11.
[21] *Id.* at 4-5.
[22] *Id.* at 5-7.

5

any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id*. A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id*. at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). The substantive law identifies which facts are material. *Id.* Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Equal Emp't Opportunity Comm'n v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656

(2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine dispute, the nonmovant must articulate specific facts and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A) & (c)(2). Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary judgment burden. *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(B). Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075-76.

    **B.**     **FLSA Overtime Claims**

The FLSA requires employers to pay covered employees overtime compensation of at least one and one-half times the regular rate of pay for any hours worked in excess of forty in a workweek. 29 U.S.C. § 207(a)(1). If an employer violates the FLSA's overtime provisions, it is liable to the employee for the amount of the employee's unpaid overtime compensation, as well as "an additional equal amount as liquidated damages." *Id.* § 216(b). The Fifth Circuit has explained the burden of proof in an FLSA overtime case as follows:

> "An employee bringing an action pursuant to the FLSA, based on unpaid overtime compensation, must first demonstrate that [he or] she has performed work for which [he or] she alleges [he or] she was not compensated." [*Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428, 441 (5th Cir. 2005)] (citing *Anderson v. Mount*

7

> *Clemens Pottery Co.,* 328 U.S. 680, 687-88 (1946)).[23] An employee has met [his or] her requisite burden of proof if [he or] she proves that [he or] she has performed work for which [he or] she was improperly compensated and if [he or] she produces sufficient evidence to show the amount and extent of that work as a matter of "just and reasonable inference." *Id.* (citation omitted). "The burden shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.* (citation omitted). "If the employer fails to produce such evidence, the court may then award damages to the employee even though the result may only be approximate." *Id.* (citation omitted).

*Ihegword v. Harris Cty. Hosp. Dist.*, 555 F. App'x 372, 374 (5th Cir. 2014) (original brackets and parallel citation omitted).

In this case, defendants, as movants, have not submitted competent summary-judgment evidence to prove the damages owed to the listed non-server plaintiffs for uncompensated overtime. Defendant admit that they did not submit all pertinent records supporting the original Exhibit A, and the Court is not aware of any documents supporting the calculations for the non-server plaintiffs added to the new Exhibit A. Moreover, plaintiffs submitted summary-judgment evidence as to two of these plaintiffs (Cooper and Pecot) calling into question the hours defendants used to derive their damage numbers. Thus, on the record before it, the Court denies summary judgment as to the amount of damages due to the listed non-server plaintiffs. However, the Court grants the motion as to defendants' liability for overtime payments to the listed non-server plaintiffs in amounts to be determined.

---

[23] Defendants quote *Anderson*'s explanation of the shifting burden of proof. R. Doc. 398-1 at 5. Plaintiffs argue that this amounts to a concession by defendants "that their time and payroll records are inaccurate." R. Doc. 468 at 2-3. While it is true that the employer's payroll records in *Anderson* were deemed to be inaccurate, 328 U.S. at 688, defendants' citation to *Anderson*'s explanation of the shifting burden of proof in an FLSA overtime case is hardly tantamount to an admission that defendants' records are inaccurate. Many courts, including the Fifth Circuit, cite *Anderson* for this same proposition. *See, e.g., Harvill*, 433 F.3d at 441.

## IV.  CONCLUSION

Accordingly, for the reasons stated above,

IT IS ORDERED that defendants' motion for partial summary judgment regarding damages to all non-server plaintiffs with timely overtime claims (R. Doc. 398) is GRANTED as to their liability to the listed non-server plaintiffs, and DENIED as to setting the amount of damage due to each of those non-server plaintiffs at the figures provided by defendants in their motion.

New Orleans, Louisiana, this 28th day of August, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE