UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TAMMY KIDWELL, *et al.*            CIVIL ACTION

VERSUS            NO. 18-2052 c/w 19-11419

RUBY IV, L.L.C., *et al.*            SECTION M (5)
           *Pertains to all cases*

## ORDER & REASONS

Before the Court is a motion by defendants Ruby Enterprises, LLC, Ruby Management, Inc., Ruba, LLC, Ruba III, LLC, Ruby IV, LLC, Ruby V, LLC, Ruby VI, LLC, Ruby VII, LLC, Ruby VIII, LLC, Ruby I.X., LLC, Ruby X, LLC, Ruby XI, LLC, Ruby XII, LLC, Ruby XIV, LLC, Ruby XV, LLC, Nadia Esmail, and Mohammad Esmail (collectively "defendants") for partial summary judgment regarding damages to all server plaintiffs with timely overtime claims,[1] and defendants' supplemental memorandum in support of the motion.[2] Plaintiffs respond in opposition,[3] and defendants reply in further support of their motion.[4] Having considered the parties' memoranda, the record, and the applicable law, the Court holds that, on the record before it, defendants have not proved the amount of damages they owe to each of the listed plaintiffs, so the motion is denied.

**I.   BACKGROUND**

These consolidated cases arise out of plaintiffs' employment at defendants' International House of Pancakes restaurants as managers, hosts or hostesses, cooks, and servers.[5] Plaintiffs

---

[1] R. Doc. 402.
[2] R. Doc. 439. Defendants updated the list of server plaintiffs to whom the motion applies after counsel became aware of the tolling agreements.
[3] R. Doc. 464.
[4] R. Doc. 473.
[5] R. Doc. 173; *see also* Civil Action No. 19-11419, R. Doc. 1.

allege that defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, by failing to pay the requisite minimum wage and overtime compensation.[6] The Court conditionally certified two FLSA classes consisting of:

> (1) All hourly workers working for the Defendants between June 13, 2015, and the present, to whom Defendants did not pay overtime compensation for hours worked over forty (40) in a workweek, including hostesses, managers and other hourly workers (collectively referred to as the "Overtime FLSA Collective"); and
>
> (2) All servers (waiters/waitresses) working for the Defendants between June 13, 2015, and the present, who were not paid $7.25/hour for hours worked under forty (40) in a workweek and/or the minimum overtime rate of $10.88 for hours worked over forty (40) in a workweek (the "Server FLSA Collective").[7]

Putative class members were allowed a period of time to opt in to the class. Due to tolling agreements, this case encompasses FLSA claims arising from September 28, 2015, to the date of trial.[8]

## II. PENDING MOTION

Defendants move for partial summary judgment seeking an order setting the damages they owe to opt-in server plaintiffs with timely claims for uncompensated overtime.[9] Defendants reviewed their employee payroll records and time records – Delaget b-50 Total Hours Worked reports ("b-50 reports") – and identified server plaintiffs with timely claims for uncompensated overtime.[10] Defendants support their motion by submitting the Bates-stamped b-50 reports for each of the listed employees (Exhibit B),[11] and a chart summarizing the information in those reports (Exhibit A).[12] Defendants explain their process as follows:

---

[6] R. Doc. 173 at 1-10; *see also* Civil Action No. 19-11419, R. Doc. 1.
[7] R. Doc. 102 at 15-16.
[8] R. Docs. 80 & 81.
[9] R. Doc. 402.
[10] R. Doc. 402-1 at 1-2; R. Doc. 439 at 6-7 (citing R. Docs. 402-6 & 439-4).
[11] R. Doc. 402-6.
[12] R. Doc. 439-1.

> In each instance where the payroll records indicate unpaid overtime (calculated at 1.5 times the regular rate of pay), the amount of unpaid overtime is reflected on Exhibit "A." For those employees with a timely claim, but no damages owed (as they were paid all overtime due), the amount owed is reflected as $0.00. Further, each respective unpaid overtime damage calculation is based on a 3-year [statute of limitations period] (calculated from the date of each respective plaintiff's PACER-filed Opt-In Consent Form, also shown on Exhibit "A"), and then doubled to reflect a measure of liquated damages.[13]

Within the text of the motion, defendants supplied a list of server plaintiffs they claim are entitled to overtime compensation,[14] and expanded this list in the supplemental memorandum.[15] Unfortunately, neither the Exhibit A attached to the original motion,[16] nor the Exhibit A attached to the supplemental motion,[17] includes the same list of names that appears in the text of the motion or supplemental memorandum.[18]

> Defendants also submit a statement listing the following material facts as uncontested:
>
> 1) All plaintiffs listed on Exhibit A were employed by Defendants;
>
> 2) All plaintiffs listed on Exhibit A have asserted either a claim for unpaid overtime, a claim for unpaid minimum wage, or both;
>
> 3) Exhibit B contains all available time records (b-50 reports) for regular hours worked, overtime hours worked (if any), and cash tips earned (if any), on a daily basis, for each plaintiff listed on Exhibit A.[19]

Defendants seek an order setting the overtime compensation damages of the server plaintiffs listed in the motion.[20]

---

[13] R. Doc. 402-1 at 2.
[14] R. Doc. 402-1 at 2-3.
[15] R. Doc. 439 at 6-7.
[16] R. Doc. 402-5.
[17] R. Doc. 439-1.
[18] *See* R. Doc. 402-1 at 2-3; R. Doc. 439 at 6-7. Exhibit B to the original motion (R. Doc. 402-6) appears to contain b-50 reports for the server plaintiffs listed in the text of the original motion (R. Doc. 402-1 at 2-3). The supplemental memorandum does not append b-50 reports for the server plaintiffs added to the list therein.
[19] R. Doc. 402-4.
[20] R. Doc. 402-1 at 2-3; R. Doc. 439 at 6-7.

In opposition, plaintiffs point out that neither Exhibit A matches the list of server employees contained in the text of either the original memorandum or the supplemental memorandum.[21] Plaintiffs also argue that defendants' calculations are unsupported and inaccurate, and include the tip credit to which plaintiffs claim defendants are not entitled.[22] Plaintiffs submit evidence that the calculations for plaintiffs Danielle Wells and Eileen Marrero are inaccurate.[23]

Plaintiffs also argue that defendants' motion is procedurally inadequate because Exhibit A is an unauthenticated spreadsheet that was drafted by defense counsel and is not supported by an affidavit or declaration explaining how the document was created.[24] Further, plaintiffs urge that defendants' statement of uncontested material facts is inadequate because it does not have a paragraph specific to each of the affected server plaintiffs, but rather lumps them together in a single sentence.[25]

## III.  LAW & ANALYSIS

### A.  Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party

---

[21] R. Doc. 464 at 2-3.
[22] R. Doc. 464 at 5-6 & 11-12.
[23] *Id.* at 11-12.
[24] *Id.* at 7-8. In their motion, defendants refer to Exhibit A as an Excel spreadsheet. R. Doc. 402-1 at 1. Plaintiffs complain that they never received an Excel spreadsheet, but rather Exhibit A, which is filed as R. Doc. 402-5 in a .pdf format. R. Doc. 464 at 1 n.1. Defendants point out that the spreadsheet was created in Excel, but converted to a .pdf format for electronic filing. R. Doc. 473 at 2. The Court is aware that its CM/ECF system requires documents to be in .pdf format, and thus finds plaintiffs' argument regarding the defendants' supposed failure to produce an Excel spreadsheet to be baseless.
[25] R. Doc. 464 at 9-10.

4

who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id*. A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id*. at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). The substantive law identifies which facts are material. *Id.* Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Equal Emp't Opportunity Comm'n v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when

both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine dispute, the nonmovant must articulate specific facts and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A) & (c)(2). Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary judgment burden. *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(B). Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075-76.

B.     **FLSA Overtime Claims**

The FLSA requires employers to pay covered employees overtime compensation of at least one and one-half times the regular rate of pay for any hours worked in excess of forty in a workweek. 29 U.S.C. § 207(a)(1). If an employer violates the FLSA's overtime provisions, it is liable to the employee for the amount of the employee's unpaid overtime compensation, as well as "an additional equal amount as liquidated damages." *Id.* § 216(b). The Fifth Circuit has explained the burden of proof in an FLSA overtime case as follows:

> "An employee bringing an action pursuant to the FLSA, based on unpaid overtime compensation, must first demonstrate that [he or] she has performed work for which [he or] she alleges [he or] she was not compensated." [*Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428, 441 (5th Cir. 2005)] (citing *Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946)).[26] An employee has met [his

---

[26] Defendants quote *Anderson*'s explanation of the shifting burden of proof. R. Doc. 402-1 at 6. Plaintiffs argue that this amounts to a concession by defendants "that their time and payroll records are inaccurate." R. Doc. 464 at 4. While it is true that the employer's payroll records in *Anderson* were deemed to be inaccurate, 328 U.S. at

6

or] her requisite burden of proof if [he or] she proves that [he or] she has performed work for which [he or] she was improperly compensated and if [he or] she produces sufficient evidence to show the amount and extent of that work as a matter of "just and reasonable inference." *Id.* (citation omitted). "The burden shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.* (citation omitted). "If the employer fails to produce such evidence, the court may then award damages to the employee even though the result may only be approximate." *Id.* (citation omitted).

*Ihegword v. Harris Cty. Hosp. Dist.*, 555 F. App'x 372, 374 (5th Cir. 2014) (original brackets and parallel citation omitted).

In this case, defendants, as movants, have not properly supported their summary-judgment motion. The names listed in the text of the original memorandum and the supplemental memorandum do not match the names contained in either Exhibit A. Although the b-50 reports in Exhibit B appear to match the original list of names, these b-50 reports are not damage calculations, and the Court will not undertake to make such calculations on its own. Further, there is no supporting documentation for the server plaintiffs added to the list in the supplemental memorandum. Finally, it appears that defendants' calculations (for the wrong list of plaintiffs) may include the tip credit, and this Court has found that there are disputed issues of material fact regarding notice that preclude summary judgment on the tip credit issue.[27]

## IV. CONCLUSION

Accordingly, for the reasons stated above,

IT IS ORDERED that defendants' motion for partial summary judgment regarding damages to all server plaintiffs with timely overtime claims (R. Doc. 402) is DENIED.

---

688, defendants' citation to *Anderson*'s explanation of the shifting burden of proof in an FLSA overtime case is hardly tantamount to an admission that defendants' records are inaccurate. Many courts, including the Fifth Circuit, cite *Anderson* for this same proposition. *See, e.g.*, *Harvill*, 433 F.3d at 441.

[27] R. Doc. 480.

New Orleans, Louisiana, this 28th day of August, 2020.

                                        _____
                                        BARRY W. ASHE
                                        UNITED STATES DISTRICT JUDGE