UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TAMMY KIDWELL, *et al.*                     CIVIL ACTION

VERSUS                                      NO. 18-2052 c/w 19-11419

RUBY IV, L.L.C., *et al.*                   SECTION M (5)
                                            *Pertains to all cases*

## ORDER & REASONS

Before the Court are two motions by defendants Ruby Enterprises, LLC, Ruby Management, Inc., Ruba, LLC, Ruba III, LLC, Ruby IV, LLC, Ruby V, LLC, Ruby VI, LLC, Ruby VII, LLC, Ruby VIII, LLC, Ruby I.X., LLC, Ruby X, LLC, Ruby XI, LLC, Ruby XII, LLC, Ruby XIV, LLC, Ruby XV, LLC, Nadia Esmail, and Mohammad Esmail (collectively "defendants") for partial summary judgment regarding (1) server plaintiffs who were paid at least minimum wage,[1] and (2) damages to all server plaintiffs with timely minimum wage claims,[2] and defendants' supplemental memorandum in support of the motions.[3]   Plaintiffs respond in opposition,[4] and defendants reply in further support of their motion.[5]   Having considered the parties' memoranda, the record, and the applicable law, the Court holds that, on the record before it, defendants have not proved that the server plaintiffs listed in R. Doc. 403 were paid at least minimum wage nor have defendants proved the amount damages owed to each of the server plaintiffs listed in R. Doc. 405.

---

[1] R. Doc. 403.

[2] R. Doc. 405.

[3] R. Doc. 439.  Defendants updated the list of server plaintiffs with timely minimum wage claims after counsel became aware of the tolling agreements.  The original Exhibit B (R. Doc. 405-6) contains documents supporting the damages calculations for the server plaintiffs who were listed in the original Exhibit A (R. Doc. 405-5).  The Court is not aware, however, of any evidence supporting the calculations for the server plaintiffs that were added to the new Exhibit A (R. Doc. 439-6).

[4] R. Docs. 463 & 467.

[5] R. Doc. 473.

## I.     BACKGROUND

These consolidated cases arise out of plaintiffs' employment at defendants' International House of Pancakes restaurants as managers, hosts or hostesses, cooks, and servers.[6]   Plaintiffs allege that defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, by failing to pay the requisite minimum wage and overtime compensation.[7]   The Court conditionally certified two FLSA classes consisting of:

> (1) All hourly workers working for the Defendants between June 13, 2015, and the present, to whom Defendants did not pay overtime compensation for hours worked over forty (40) in a workweek, including hostesses, managers and other hourly workers (collectively referred to as the "Overtime FLSA Collective"); and

> (2) All servers (waiters/waitresses) working for the Defendants between June 13, 2015, and the present, who were not paid $7.25/hour for hours worked under forty (40) in a workweek and/or the minimum overtime rate of $10.88 for hours worked over forty (40) in a workweek (the "Server FLSA Collective").[8]

Putative class members were allowed a period of time to opt in to the class.   Due to tolling agreements, this case encompasses FLSA claims arising from September 28, 2015, to the date of trial.[9]

## II.     PENDING MOTION

Defendants move for partial summary judgment seeking an order (1) stating that certain server plaintiffs were paid at least minimum wage,[10] and (2)  setting the damages they owe to other server plaintiffs with timely minimum wage claims.[11]  Defendants reviewed their employee payroll records and time records – Delaget b-50 Total Hours Worked reports ("b-50 reports") – and

---

[6] R. Doc. 173; *see also* Civil Action No. 19-11419, R. Doc. 1.
[7] R. Doc. 173 at 1-10; *see also* Civil Action No. 19-11419, R. Doc. 1.
[8] R. Doc. 102 at 15-16.
[9] R. Docs. 80 & 81.
[10] R. Doc. 403.
[11] R. Doc. 405.

identified server plaintiffs who defendants claim were either (1) paid at least minimum wage[12] or (2) who have timely minimum wage claims in amounts quantified by defendants.[13]  Both motions depend on defendants' ability to claim the tip credit.[14]

In opposition, plaintiffs argue that defendants' motions must fail because defendants have not proved that they are entitled to claim the tip credit.[15]  Plaintiffs point out that they filed a summary-judgment motion seeking a ruling that defendants are not entitled to the tip credit because defendants did not provide proper notice of their intent to claim it.[16]  Defendants, however, did not file a cross-motion on that issue and have not proved notice in the context of these motions.[17]

## III.    LAW & ANALYSIS

### A.    Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)).  "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id*.  A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment

---

[12] R. Doc. 403-1 at 1-2.

[13] R. Docs. 405-1 at 1-2; 439 at 7-8 (citing R. Docs. 405-6 & 439-6).

[14] R. Docs. 403-1 at 1-2 & 4-5; 405-1 at 5.

[15] R. Docs. 463 at 1-4; 467 at 1-4.

[16] R. Docs. 463 at 1-4; 467 at 1-4.

[17] R. Docs. 463 at 1-4; 467 at 1-4.  Plaintiffs also lodge a few procedural challenges to defendants' motions, which plaintiffs made to all of defendants' other summary-judgment motions.  The Court will not address those arguments here, however, because the tip credit issue is dispositive of these two summary-judgment motions.

and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id*. at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). The substantive law identifies which facts are material. *Id.* Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Equal Emp't Opportunity Comm'n v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine dispute, the nonmovant must articulate specific facts and point to supporting, competent evidence that may be presented in a

form admissible at trial.  *See Lynch Props., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A) & (c)(2).  Such facts must create more than "some metaphysical doubt as to the material facts."  *Matsushita*, 475 U.S. at 586.  When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary judgment burden.  *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(B).  Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted.  *See Little*, 37 F.3d at 1075-76.

**B.**    **FLSA Minimum Wage Claims**

The FLSA requires employers to pay covered employees a minimum wage of $7.25 per hour.  29 U.S.C. § 206(a)(1).  If an employer violates the FLSA's minimum wage provisions, it is liable to the employee for "the amount of [the employee's] unpaid minimum wages," as well as "an additional equal amount as liquidated damages."  *Id.* § 216(b); *see also Arriaga v. Fla. Pac. Farms, LLC*, 305 F.3d 1228, 1237 n.11 (11th Cir. 2002) (noting that the employer is required to reimburse an employee only "up to the point that the minimum wage is met").

The FLSA, however, allows employers to pay "tipped employees," such as restaurant servers, less than $7.25 per hour if the difference is supplemented with the employees' tips.  29 U.S.C. § 203(m)(2).  A "tipped employee" is defined by the FLSA as one who is "engaged in an occupation in which he [or she] customarily and regularly receives more than $30 a month in tips."  *Id*. § 203(t).  This exception to the general minimum wage requirement is known as the "tip credit."  *Montano v. Montrose Rest. Assocs., Inc.*, 800 F.3d 186, 188 (5th Cir. 2015).  An employer is eligible for the tip credit, as it applies to a particular employee, only if the employer (1) informs that employee of the FLSA's tip credit provisions, and (2) allows the employee to retain all of his

or her tips.  29 U.S.C. § 203(m)(2)(A); *Montano*, 800 F.3d at 188.  The tip credit is an affirmative defense for which the employer bears the burden of proof.  *Gurule v. Land Guardian, Inc.*, 2017 WL 6885418, at *1 (S.D. Tex. Sept. 6, 2017) (citing *Gustavus v. Cazos, Inc.*, 774 F. Supp. 2d 856, 858 (S.D. Tex. 2011)); *Almanza v. Taqueria El Alteno No. 1, Inc.*, 2010 WL 11678958, at *5 (S.D. Tex. July 29, 2010); *Williams v. Sake Hibachi Sushi & Bar, Inc.*, 2020 WL 3317096, at *3 (N.D. Tex. June 18, 2020) (employer has burden of establishing its entitlement to tip credit) (citing *Montano*, 800 F.3d at 189; *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 230 (5th Cir. 2011)).

In this case, defendants, as movants, have not proved they are entitled to summary judgment on either motion.  Whether certain server plaintiffs were paid minimum wage (R. Doc. 403), and the amount of damages due to the server plaintiffs that defendants admit were not (R. Doc. 405), depend entirely on defendants' ability to claim the tip credit.  This Court has found that there are disputed issues of material fact regarding notice that preclude summary judgment on the tip credit issue.[18]  Thus, these motions must be denied as to (1) finding certain server plaintiffs were paid minimum wage (R. Doc. 403), and (2) the amount of damages owed to the server plaintiffs who defendants admit were not (R. Doc. 405).  However, because defendants admit the following server plaintiffs were not paid minimum wage, the Court grants summary judgment as to their liability for minimum wage (amounts to be determined) as to the following server plaintiffs:[19]

| | | | |
|---|---|---|---|
| Cheryl Adams | Ciji Angelethy | Uloma Asugha | Johnathan Augustine |
| Desiree Austin | Malana Baker | Melvin Banegas | Vermetria Batiste |
| Dominique Bell | Maia Blackmore | Keisha Bourgeois | Krystal Bourque |
| Nolita Boyd | Tiffany Boyington | Sabrina Boykins | Brandi Brown |
| Emil Brupbacher, III | Doniece Bryant | Gabrielle Bui | Myra Bush |
| Heavon Butler | Myra Butler | Brittany Caldwell | Adrienne Capizzo |

[18] R. Doc. 480.
[19] R. Doc. 439 at 7-8.

| | | | |
|---|---|---|---|
| Adele Carter | Deshunda Christian | Alicia Collins | Rueben Coursey |
| Dotson DeShannon | Elvie Disotell | Ka'Janea Dixon | Ernest Francis |
| Martina Gagliano | Wendy Garrett | Jennica Gaubert | Melinda Gonzales |
| Candas Green | Tayesha Gutter | Lashawn Harvey | Jennifer Hebert |
| Kimberly Heim | Lashanna Henry | Brandy Hill | Lavette Holmes |
| Destiny Hudgins | April Huges | Renata Huges | Ireon Isaac |
| India Jackson | Nije Jefferson | Robin Jefferson | Imani Jessemy |
| Brianna Johnson | Morgen Johnson | Kenneth Jones | Victoria Juhasz |
| Kaila Kelly | Erana Kerry | Mikia Kirton | Mareya Krouwel |
| Terri Lacheney | Natasha Lewis | Rita Lirette | Janeka Love |
| Gloria Manso | Brianeka Massey | Jacquelyn McElveen | Mallory McGee |
| Ashliy Medley | Talisa Meeks | Roxanne Miceli | Zakiya Miles |
| Moinika Miller | Ryan Milikan | Sheba Moore | Kaleb Niles |
| Ayanna Overton | Christian Perez | Jadon Polk | Tameshia Porter |
| Leila Richard | Raquel Rivera | Alexnadra Sandoz | Hana Schiaro |
| Bailey Searcy | Ashley Shular | Maurice Singelton | Patricio Somarriba |
| Jerry Square, Jr. | Charles Squires | Beatrice Staehle | Rakira Stewart |
| Chasity Tabb | Candace Taylor | Denise Thomas | Stacey Thomas |
| Hailey Tilley | Shana Valentine | Katrina Varisco | Ronica Veals |
| Victoria Verrett | Monica Wainwright | Lenell Walter | Drew Webb |
| Nicholas West | Chelsea Whittle | Diamond Williams | Perseus Williams |
| Katelyn Zulli | Brandon Badeaux | Tanisha Bell | Brandy Bourgeois |
| Jacob Breaux | Zachary Childress | Alisha Christmas | Kelwin Cummings |
| Bruce DeBlase | Kathryn Ferrara | Ashley Gaines | Kemelashona Gaines |
| Sarina Gray | Shaquan Harris | Keryaun Henry | Clinton Hensley |
| Kali Hubbard | Olivia Johnson | Trevor Joseph | Diajah Lambert |
| Ernesha Lewis | Tina McCoy-Vanhamlin | Joseph McGee | Brian Picquet |
| Shelby Ponthieux | Jamaica Richardson | Carlasia Ross | Nadia Sanchez |
| Eyvonnte Simmons | Demetric Smith | Earnestine Summers | Kim Taylor |
| Tonia Gathings | Carizma Tucker | Eric Turley | Bridgette Wal |
| Erica Walton | Tatyana Washington | Carnesha Wells | Laquinta Williams |
| Calvin Williams, Jr. | Dvonte Youmans | Ernesta Lewis | |

## IV.      CONCLUSION

Accordingly, for the reasons stated above,

IT IS ORDERED that defendants' motion for partial summary judgment regarding server plaintiffs who were paid at least minimum wage (R. Doc. 403) is DENIED.

IT IS FURTHER ORDERED that defendants' motion for partial summary judgment regarding damages to all server plaintiffs with timely minimum wage claims (R. Doc. 405) is GRANTED as to liability to the server plaintiffs listed herein, and DENIED as to setting the amount of damages due to each of those server plaintiffs at the figures provided by defendants in their motion.

New Orleans, Louisiana, this 28th day of August, 2020.


_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE