UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TAMMY KIDWELL, *et al.*  CIVIL ACTION

VERSUS  NO. 18-2052 c/w 19-11419

RUBY IV, L.L.C., *et al.*  SECTION M (5)
*Pertains to all cases*

## ORDER & REASONS

Before the Court is a motion by defendants Ruby Enterprises, LLC, Ruby Management, Inc., Ruba, LLC, Ruba III, LLC, Ruby IV, LLC, Ruby V, LLC, Ruby VI, LLC, Ruby VII, LLC, Ruby VIII, LLC, Ruby I.X., LLC, Ruby X, LLC, Ruby XI, LLC, Ruby XII, LLC, Ruby XIV, LLC, Ruby XV, LLC, Nadia Esmail, and Mohammad Esmail (collectively "defendants") for partial summary judgment regarding server plaintiffs whose minimum wage claims have prescribed,[1] and defendants' supplemental memorandum in support of the motion.[2] Plaintiffs respond in opposition,[3] and defendants reply in further support of their motion.[4] Having considered the parties' memoranda, the record, and the applicable law, the Court holds that, on the record before it, there is no evidence that the server plaintiffs listed in the motion worked any overtime at defendants' restaurants during the applicable three-year time frame.

---

[1] R. Doc. 404.
[2] R. Doc. 439. Defendants updated the list of server plaintiffs to whom the motion applies after counsel became aware of the tolling agreements. Specifically, defendants removed names from the list. *Compare* R. Doc. 404-1 at 2 *with* R. Doc. 439 at 4. Thus, the documents supporting the new Exhibit A (R. Doc. 439-5) are contained within the original Exhibit B (R. Doc. 404-6).
[3] R. Doc. 466.
[4] R. Doc. 473.

## I. BACKGROUND

These consolidated cases arise out of plaintiffs' employment at defendants' International House of Pancakes restaurants as managers, hosts or hostesses, cooks, and servers.[5] Plaintiffs allege that defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, by failing to pay the requisite minimum wage and overtime compensation.[6] The Court conditionally certified two FLSA classes consisting of:

> (1) All hourly workers working for the Defendants between June 13, 2015, and the present, to whom Defendants did not pay overtime compensation for hours worked over forty (40) in a workweek, including hostesses, managers and other hourly workers (collectively referred to as the "Overtime FLSA Collective"); and

> (2) All servers (waiters/waitresses) working for the Defendants between June 13, 2015, and the present, who were not paid $7.25/hour for hours worked under forty (40) in a workweek and/or the minimum overtime rate of $10.88 for hours worked over forty (40) in a workweek (the "Server FLSA Collective").[7]

Putative class members were allowed a period of time to opt in to the classes. Due to tolling agreements, this case encompasses FLSA claims arising from September 28, 2015, to the date of trial.[8]

## II. PENDING MOTION

Defendants move for partial summary judgment seeking the dismissal of the minimum wage claims of the following opt-in server plaintiffs who defendants contend did not accrue such claims at defendants' restaurants during the applicable period:[9]

| Ingrid Arais | Renee Babin | Brittany Williams | Erica McGee |
| NerimaneBouchama | Courtney Breaux | Dvontae Youmas | Yvette Mobley |

---

[5] R. Doc. 173; *see also* Civil Action No. 19-11419, R. Doc. 1.
[6] R. Doc. 173 at 1-10; *see also* Civil Action No. 19-11419, R. Doc. 1.
[7] R. Doc. 102 at 15-16.
[8] R. Docs. 80 & 81.
[9] R. Docs. 439 at 4.

| Kyla Brock | Rolesha Brooks | Byron Williams | Walter Baylis, Jr. |
|---|---|---|---|
| Richard Burge, III | Jessica Collom | Spirit Smith | Marquis Riley, Sr. |
| Reagan Donewar | Kelly Dunn | Megan Nunez | Brittany Savoy |
| Ashley Gaines | John Grady | Keshonda Nelson | Kyra Smith |
| Tehera Hicks | Justin Bullard | Naytasha Pate | Crystal Thompson |
| Tequilla Jones | Bianca Knight | Trevor Powe | Brandy Savoie |
| Jaliseia Laneair | Matthew Marchetta | Latonya Simon | Lacy Smith |
| Steven Treadway | | | |

To compile this list, defendants reviewed their employee time records – Delaget b-50 Total Hours Worked reports ("b-50 reports") – and found there was no record in the b-50 reports of any overtime worked by the listed employees in the applicable period.[10] Defendants support their motion by submitting the Bates-stamped b-50 reports for each of the listed employees (Exhibit B),[11] and a chart summarizing the information in those reports (Exhibit A).[12] Defendants also submit a statement listing the following material facts as uncontested:

1) All plaintiffs listed on Exhibit A were employed by Defendants;

2) All plaintiffs listed on Exhibit A have asserted either a claim for unpaid overtime, a claim for unpaid minimum wage, or both;

3) Exhibit B contains all available time records (b-50 reports) for regular hours worked, overtime hours worked (if any), and cash tips earned (if any), on a daily basis, for each plaintiff listed on Exhibit A.[13]

Defendants seek dismissal of these server plaintiffs' FLSA minimum wage claims, arguing that there is no evidence that these server plaintiffs accrued such claims during the applicable three-year period and thus are not owed any money.[14]

---

[10] R. Doc. 439 at 4 (citing R. Docs. 439-5 and 404-6).
[11] R. Doc. 404-6.
[12] R. Doc. 439-5.
[13] R. Doc. 404-4.
[14] R. Doc. 404-1 at 2; R. Doc. 439 at 3-4.

In opposition, plaintiffs argue that defendants have not proved that the listed server plaintiffs did not accrue minimum wage claims during the applicable period because defendants did not consider the payroll records in conjunction with the b-50 reports.[15] Plaintiffs argue that managers and assistant managers did not clock-in, so there would not be b-50 reports for these employees.[16] With no evidence as to any server plaintiff who is the subject of this motion, plaintiffs argue that defendants' motion must be denied because defendants failed to present to the Court a complete and accurate universe of all implicated server plaintiffs' time and payroll records, which, according to plaintiffs, casts doubt on the entirety of defendants' analysis.[17]

Plaintiffs also argue that defendants' motion is procedurally inadequate because Exhibit A is an unauthenticated spreadsheet that was drafted by defense counsel and is not supported by an affidavit or declaration explaining how the document was created.[18] Further, plaintiffs urge that defendants' statement of uncontested material facts is inadequate because it does not have a paragraph specific to each of the affected server plaintiffs, but rather lumps them together in a single sentence.[19]

### III.    LAW & ANALYSIS

#### A.    Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates

---

[15] R. Doc. 466 at 8-13.
[16] *Id.*
[17] *Id.*
[18] *Id.* at 4-5.
[19] *Id.* at 6-8.

4

the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id*. A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id*. at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). The substantive law identifies which facts are material. *Id.* Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Equal Emp't Opportunity Comm'n v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when

both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine dispute, the nonmovant must articulate specific facts and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A) & (c)(2). Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary judgment burden. *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(B). Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075-76.

### B. FLSA Minimum Wage Claims

The FLSA requires employers to pay covered employees a minimum wage of $7.25 per hour. 29 U.S.C. § 206(a)(1). If an employer violates the FLSA's minimum wage provisions, it is liable to the employee for "the amount of [the employee's] unpaid minimum wages," as well as "an additional equal amount as liquidated damages." *Id.* § 216(b); *see also Arriaga v. Fla. Pac. Farms, LLC*, 305 F.3d 1228, 1237 n.11 (11th Cir. 2002) (noting that the employer is required to reimburse an employee only "up to the point that the minimum wage is met").

Generally, the FLSA has a two-year statute of limitations, unless an employer's alleged violation is willful, in which case a three-year statute of limitations applies. 29 U.S.C. § 255(a). Defendants in this case stipulate to a three-year statute of limitations for the purposes of this

motion.[20]  A FLSA cause of action "accrues at each regular payday immediately following the work period during which the services were rendered for which the [minimum] wage or overtime compensation is claimed."  *Halferty v. Pulse Drug Co.*, 821 F.2d 261, 271, *modified on other grounds*, 826 F.2d 2 (5th Cir. 1987).  In a collective action, the action is "commenced" in the case of an opt-in plaintiff on the date a written consent is filed.  *See Lima v. Int'l Catastrophe Sols., Inc.*, 493 F. Supp. 2d 793, 803 (E.D. La. 2007) (citing 29 U.S.C. § 256(b); *Atkins v. Gen. Motors Corp.*, 701 F.2d 1124, 1130 n. 5 (5th Cir. 1983)).

In this case, defendants, as movants, submitted competent summary-judgment evidence (namely, the b-50 reports) showing that the minimum wage claims of the server plaintiffs listed have prescribed.[21]  The summary-judgment burden then shifted to plaintiffs, but they have not pointed to any positive evidence showing that the server plaintiffs listed are owed minimum wages.  Plaintiffs failed to rebut defendants' evidence with any of their own, whether in the form of payroll records showing they accrued minimum wage claims, or in the form of affidavits by plaintiffs stating that they are owed uncompensated minimum wage or that the b-50 reports are otherwise inaccurate as to them.  As a result, on the record before the Court, defendants' motion for partial summary judgment regarding server plaintiffs whose minimum wage claims have prescribed must be granted.

---

[20] R. Doc. 404-1 at 5.
[21] R. Doc. 404-6.  Plaintiffs' complaints about the defendants' compliance with summary-judgment procedure are without merit.  The chart in Exhibit A (R. Doc. 439-5) is nothing more than a summary of the time records constituting Exhibit B (R. Doc. 404-6), and it was essentially compiled as a demonstrative for the Court's convenience.  It is not, as plaintiffs argue, unexplained, improper summary-judgment evidence upon which defendants "exclusively" rely (R. Doc. 466 at 4-5).  Instead, defendants rely upon the b-50 reports (Exhibit B).  Moreover, plaintiffs fail to identify even one error in (and thus the unreliability of) Exhibit A's summary of the time records for the server plaintiffs at issue.  And defendants' statement of uncontested facts (particularly, the third paragraph), when considered together with the time records in Exhibit B, which it expressly references, satisfies the requisites of Local Rule 56.1.

## IV.    CONCLUSION

Accordingly, for the reasons stated above,

IT IS ORDERED that defendants' motion for partial summary judgment regarding server plaintiffs whose minimum wage claims have prescribed (R. Doc. 404) is GRANTED, and the overtime claims of all plaintiffs listed in the motion are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 28th day of August, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE