UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TAMMY KIDWELL, *et al.* | CIVIL ACTION |
| VERSUS | NO. 18-2052 c/w 19-11419 |
| RUBY IV, L.L.C., *et al.* | SECTION M (5) |
| | *Pertains to all cases* |

## ORDER & REASONS

Before the Court is a motion by defendants Ruby Enterprises, LLC, Ruby Management, Inc., Ruba, LLC, Ruba III, LLC, Ruby IV, LLC, Ruby V, LLC, Ruby VI, LLC, Ruby VII, LLC, Ruby VIII, LLC, Ruby I.X., LLC, Ruby X, LLC, Ruby XI, LLC, Ruby XII, LLC, Ruby XIV, LLC, Ruby XV, LLC, Nadia Esmail, and Mohammad Esmail (collectively "defendants") for partial summary judgment regarding server plaintiffs who did not work any overtime.[1]  Plaintiffs respond in opposition,[2] and defendants reply in further support of their motion.[3]  Having considered the parties' memoranda, the record, and the applicable law, the Court holds that, on the record before it, there is no evidence that the server plaintiffs listed in the motion (other than Elvie Disotell, Tarsha Coston, India Henderson, and Anna Spiers) worked any overtime at defendants' restaurants.

### I.   BACKGROUND

These consolidated cases arise out of plaintiffs' employment at defendants' International House of Pancakes restaurants as managers, hosts or hostesses, cooks, and servers.[4]  Plaintiffs allege that defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*,

---

[1] R. Doc. 408.
[2] R. Doc. 465.
[3] R. Doc. 473.
[4] R. Doc. 173; *see also* Civil Action No. 19-11419, R. Doc. 1.

by failing to pay the requisite minimum wage and overtime compensation.[5]  The Court conditionally certified two FLSA classes consisting of:

> (1) All hourly workers working for the Defendants between June 13, 2015, and the present, to whom Defendants did not pay overtime compensation for hours worked over forty (40) in a workweek, including hostesses, managers and other hourly workers (collectively referred to as the "Overtime FLSA Collective"); and

> (2) All servers (waiters/waitresses) working for the Defendants between June 13, 2015, and the present, who were not paid $7.25/hour for hours worked under forty (40) in a workweek and/or the minimum overtime rate of $10.88 for hours worked over forty (40) in a workweek (the "Server FLSA Collective").[6]

Putative class members were allowed a period of time to opt in to the classes. Due to tolling agreements, this case encompasses FLSA claims arising from September 28, 2015, to the date of trial.[7]

## II. PENDING MOTION

Defendants move for partial summary judgment seeking the dismissal of the overtime claims of the following opt-in server plaintiffs who defendants contend did not work any overtime at defendants' restaurants:[8]

| | | | |
|---|---|---|---|
| Cheryl Adams | Shantel Adams | Tara Adams | Tatyana Adams |
| Jabrielle Anderson | Timothy Anderson | Ciji Angelethy | Teresa Aras |
| Lyndzee Artmont | Uloma Asugha | Ariana Avery | Ameshia Bacon |
| Malana Baker | Melvin Banegas | Vermetia Batiste | Dominque Bell |
| Tatiana Bonadona | Heidi Borras | Krystal Bourque | Sabrina Boykins |
| Vyvian Breaux | Taylor Brocato | Imari Burse | Heavon Butler |
| Brittany Caldwell | Eola Carter | Deshunda Christian | Delaceia Clifton |
| Alicia Collins | Tarsha Coston | Rayon Craft | Nickolaus Crawford |
| Macy Dallas | Erin Dalton | Kurtesdria Day | Irean Demuchast |

---

[5] R. Doc. 173 at 1-10; *see also* Civil Action No. 19-11419, R. Doc. 1.
[6] R. Doc. 102 at 15-16.
[7] R. Docs. 80 & 81.
[8] R. Doc. 408.

| | | | |
|---|---|---|---|
| Elvie Disotell | Carrie Dixon | Ka'Janea Dixon | Chelsie Dufrene |
| Kanjanee Dunlap | Morgan Echols | Arrionnie Elmore | Robin Fassler |
| Leggerd Gray | Keshonda Green | Candas Green | Tayesha Gutter |
| LaTiffany Harris | Dachel Hawkins | Jennifer Hebert | Kimberly Heim |
| India Henderson | Miyiesha Henserson | Brian Heyl, Jr. | Lavette Holmes |
| Destiny Hudgins | April Huges | Nije Jefferson | Robin Jefferson |
| Brianna Johnson | Kiera Johnson | Morgan Johnson | Victoria Juhasz |
| Kaila Kelly | Erana Kerry | Claudia King | Mikia Kirton |
| Kreller Kris | Mareya Krouwel | Whitney Kyles | Shanita Lawson |
| Garen Lea | Laquita Lee | Natasha Lewis | Rita Lirette |
| Hannah Lyell | Damone Lynch | Brianeka Massey | Alijah Matthews |
| Desharme McClure | Talisa Meeks | Erwinyone Miller | Mionika Miller |
| Alice Mitchell | Ayanna Overton | Jennifer Owen | Christian Perez |
| Vera Perrilliat | Myal Pettigrew | Jennifer Pitre | Cierra Plaisance |
| Falisha Polk | Jadon Polk | Michelle Powell | Litita Powells |
| Talor Rancifer | Raelinda Ranker | Leila Richard | Raquel Riveria |
| Wylika Roberts | Conswla Rudd | Hana Schiaro | Bailey Searcy |
| Branley Sheita | Branley Showalter | Maurice Singelton | Emony Smith |
| Selena Smith | Tanisha Smith | Patricio Somarriba | Anna Spiers |
| Jerry Square, Jr. | Charles Squires | Rakira Stewart | Candace Taylor |
| Stacey Thomas | Hailey Tiley | Katrina Varisco | Vernada Vaughn |
| Ronica Veals | Monica Wainwright | Rodteiffah Walter | Drew Webb |
| Jennifer West | Nicholas West | Edward White | Chelsea Whittle |
| Tomisha Wilford | Cleanelle Williams | Diamond Williams | Jennifer Williams |
| Kara Williams | Marsha Williams | Perseus Williams | Courtney Wilson |
| Keryanna Wilson | Johneka Woods | Dotson DeShannon | |

To compile this list, defendants reviewed their employee time records – Delaget b-50 Total Hours Worked reports ("b-50 reports") – and found there was no record in the b-50 reports of any overtime worked by the listed employees.[9] Defendants support their motion by submitting the Bates-stamped b-50 reports for each of the listed employees (Exhibit B),[10] and a chart summarizing

---

[9] R. Doc. 408-1 at 1-2 & 6 (citing R. Docs. 408-5 and 408-6).
[10] R. Doc. 408-6.

3

the information in those reports (Exhibit A).[11] Defendants also submit a statement listing the following material facts as uncontested:

1) All plaintiffs listed on Exhibit A were employed by Defendants;

2) All plaintiffs listed on Exhibit A have asserted either a claim for unpaid overtime, a claim for unpaid minimum wage, or both;

3) Exhibit B contains all available time records (b-50 reports) for regular hours worked, overtime hours worked (if any), and cash tips earned (if any), on a daily basis, for each plaintiff listed on Exhibit A.[12]

Defendants seek dismissal of these server plaintiffs' FLSA overtime claims, arguing that there is no evidence that these server plaintiffs worked any overtime and thus are not owed any money.[13]

In opposition, plaintiffs argue that defendants have not proved that the listed server plaintiffs did not work any overtime because defendants did not consider the payroll records in conjunction with the b-50 reports.[14] Plaintiffs argue that managers and assistant managers did not clock-in, so there would not be b-50 reports for these employees.[15] Plaintiffs argue that Elvie Disotell, who worked as a server and as an assistant manager, is owed $8,320.00 in overtime compensation for time she worked as an assistant manager as reflected by her payroll records (which is not captured by the b-50 reports).[16] Plaintiffs further argue that this motion cannot be granted as to Anna Spiers, India Henderson, or Tarsha Coston because these server plaintiffs filed their own well-supported summary-judgment motion (R. Doc. 410), and defendants conceded liability to them (R. Doc. 432). With the evidence as to just these four employees (as opposed to all the other listed plaintiffs that are the subject of this motion), plaintiffs argue that defendants'

---

[11] R. Doc. 408-5.
[12] R. Doc. 408-4.
[13] R. Doc. 408-1 at 1-3 & 5-6.
[14] R. Doc. 465 at 8-14.
[15] *Id.*
[16] *Id.* at 12.

4

motion must be denied because defendants failed to present to the Court a complete and accurate universe of all implicated server plaintiffs' time and payroll records, which, according to plaintiffs, casts doubt on the entirety of defendants' analysis.[17]

Plaintiffs also argue that defendants' motion is procedurally inadequate because Exhibit A is an unauthenticated spreadsheet that was drafted by defense counsel and is not supported by an affidavit or declaration explaining how the document was created.[18] Further, plaintiffs urge that defendants' statement of uncontested material facts is inadequate because it does not have a paragraph specific to each of the affected server plaintiffs, but rather lumps them together in a single sentence.[19]

### III. LAW & ANALYSIS

#### A. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id*. A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment

---

[17] *Id.* at 14.
[18] *Id.* at 5. In their motion, defendants refer to Exhibit A as an Excel spreadsheet. R. Doc. 408-1 at 1. Plaintiffs complain that they never received an Excel spreadsheet, but rather Exhibit A, which is filed as R. Doc. 408-5 in a .pdf format. R. Doc. 465 at 1 n.1. Defendants point out that the spreadsheet was created in Excel, but converted to a .pdf format for electronic filing. R. Doc. 473 at 2. The Court is aware that its CM/ECF system requires documents to be in .pdf format, and thus finds plaintiffs' argument regarding the defendants' supposed failure to produce an Excel spreadsheet to be baseless.
[19] R. Doc. 465 at 6-7.

and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id*. at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). The substantive law identifies which facts are material. *Id.* Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Equal Emp't Opportunity Comm'n v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine dispute, the nonmovant must articulate specific facts and point to supporting, competent evidence that may be presented in a

form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A) & (c)(2). Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary judgment burden. *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(B). Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075-76.

### B. FLSA Overtime Claims

The FLSA requires employers to pay covered employees overtime compensation of at least one and one-half times the regular rate of pay for any hours worked in excess of forty in a workweek. 29 U.S.C. § 207(a)(1). If an employer violates the FLSA's overtime provisions, it is liable to the employee for the amount of the employee's unpaid overtime compensation, as well as "an additional equal amount as liquidated damages." *Id.* § 216(b). The Fifth Circuit has explained the burden of proof in an FLSA overtime case as follows:

> "An employee bringing an action pursuant to the FLSA, based on unpaid overtime compensation, must first demonstrate that [he or] she has performed work for which [he or] she alleges [he or] she was not compensated." [*Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428, 441 (5th Cir. 2005)] (citing *Anderson v. Mount Clemens Pottery Co.,* 328 U.S. 680, 687-88 (1946)).[20] An employee has met [his or] her requisite burden of proof if [he or] she proves that [he or] she has performed work for which [he or] she was improperly compensated and if [he or] she produces sufficient evidence to show the amount and extent of that work as a matter of "just and reasonable inference." *Id.* (citation omitted). "The burden shifts to the employer to come forward with evidence of the precise amount of work performed

---

[20] Defendants quote *Anderson*'s explanation of the shifting burden of proof. R. Doc. 408-1 at 5-6. Plaintiffs argue that this amounts to a concession by defendants "that their time and payroll records are inaccurate." R. Doc. 465 at 3. While it is true that the employer's payroll records in *Anderson* were deemed to be inaccurate, 328 U.S. at 688, defendants' citation to *Anderson*'s explanation of the shifting burden of proof in an FLSA overtime case is hardly tantamount to an admission that defendants' records are inaccurate. Many courts, including the Fifth Circuit, cite *Anderson* for this same proposition. *See, e.g.*, *Harvill*, 433 F.3d at 441.

>or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.* (citation omitted). "If the employer fails to produce such evidence, the court may then award damages to the employee even though the result may only be approximate." *Id.* (citation omitted).

*Ihegword v. Harris Cty. Hosp. Dist.*, 555 F. App'x 372, 374 (5th Cir. 2014) (original brackets and parallel citation omitted).

In this case, defendants, as movants, submitted competent summary-judgment evidence (namely, the b-50 reports) showing that the server plaintiffs listed in defendants' motion did not work any overtime.[21] The summary-judgment burden then shifted to plaintiffs, but they have not pointed to any positive evidence showing that the server plaintiffs listed (other than Disotell, Spiers, Henderson, and Coston) are owed money for uncompensated overtime. Only plaintiffs Disotell, Spiers, Henderson, and Coston carried their summary-judgment burden of demonstrating they performed work for which they were not compensated, or at least a contested issue of material fact on this score. The other plaintiffs failed to rebut defendants' evidence with any of their own, whether in the form of payroll records showing they worked overtime, or in the form of affidavits by the plaintiffs stating that they worked overtime or that the b-50 reports are otherwise inaccurate as to them. This failure of proof is especially relevant in light of the Fifth Circuit's explanation in *Ihegword* of a plaintiff's affirmative burden of proof on the merits of an FLSA overtime claim. As a result, on the record before the Court, defendants' motion for partial summary judgment regarding server plaintiffs who did not work any overtime must be granted (except as to Disotell, Spiers, Henderson, and Coston).

---

[21] R. Doc. 408-6. Plaintiffs' complaints about the defendants' compliance with summary-judgment procedure are without merit. The chart in Exhibit A (R. Doc. 408-5) is nothing more than a summary of the time records constituting Exhibit B (R. Doc. 408-6), and it was essentially compiled as a demonstrative for the Court's convenience. It is not, as plaintiffs argue, unexplained, improper summary-judgment evidence upon which defendants "exclusively" rely (R. Doc. 465 at 5). Instead, defendants rely upon the b-50 reports (Exhibit B). Moreover, plaintiffs fail to identify even one error in (and thus the unreliability of) Exhibit A's summary of the time records for the server plaintiffs at issue. And defendants' statement of uncontested facts (particularly, the third paragraph), when considered together with the time records in Exhibit B, which it expressly references, satisfies the requisites of Local Rule 56.1.

IV.     CONCLUSION

Accordingly, for the reasons stated above,

IT IS ORDERED that defendants' motion for partial summary judgment regarding server plaintiffs who did not work any overtime (R. Doc. 408) is GRANTED in part, and the overtime claims of all plaintiffs listed in the motion, except those of Elvie Disotell,[22] Anna Spiers, India Henderson, and Tarsha Coston, are DISMISSED WITH PREJUDICE. The motion is DENIED as to Disotell, Spiers, Henderson, and Coston.

New Orleans, Louisiana, this 28th day of August, 2020.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[22] Plaintiffs' evidence as to Disotell is for time she worked as an assistant manager, not a server. As to all other plaintiffs listed, this Order & Reasons is directed only to the lack of evidence that they worked overtime as servers. This Order & Reasons does not affect any overtime claims the listed plaintiffs may have for work in a different capacity.